544 A.2d 535

Guy R. Davis, Petitioner *v.* Workmen's Compensation Appeal Board (National Fuel Gas), Respondents.

Submitted on briefs March 22, 1988, to Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Albert E. Wehan, III, Schroeck, Segal & Murray, P.C.,* for petitioner.

*Harry K. Thomas,* with him, *Richard E. Bordonaro, Knox, Graham, McLaughlin, Gornall & Sennett, Inc.,* for respondent.

OPINION BY JUDGE PALLADINO, June 27, 1988:

Guy R. Davis (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision dismissing Petitioner's claim petition. We affirm.

Petitioner was employed by National Fuel Gas (Employer). Petitioner's last day of work was November 14, 1980. Employer paid Petitioner his full pay from November 1980 to May 1981 and half pay from May 1981

until September 20, 1981 as sick pay disability pursuant to a company benefits plan.

On May 29, 1984, Petitioner filed a claim petition alleging that he injured his back on November 14, 1982 while in the course of his employment. This claim petition was subsequently amended on October 12, 1984 to allege that the injury occurred on November 14, 1980. On June 18, 1984, Employer filed an answer to the claim petition which raised the statute of limitations and notice provisions of The Pennsylvania Workmen's Compensation Act (Act)[1] as defenses.

Hearings were held before a referee on October 12, 1984 and January 7, 1985. The referee made the following pertinent findings of fact:

5. Every year the Claimant received the Defendant's Employee Benefit Plan booklet which lists his benefits. This booklet provides specifically, 'Sick Pay—If temporarily disabled, you receive benefits from the Company, based on service, which together with statutory benefits such as Workmen's Compensation, Social Security or state-required benefits, provides you with continuing income.' Your Referee finds that this provision clearly indicates that the benefits received by Claimant were identified as not being Workmen's Compensation.

6. The Defendant presented the testimony of its claim supervisor. He testified that the first knowledge the Defendant had that Claimant was claiming an injury on November 14, 1980, was the filing of the Claim Petition. Your Referee accepts his testimony as fact.

---

[1] Act of June 12, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1601.1

The referee concluded that Petitioner's claim was barred by section 315 of the Act[2] because it was filed more than three years after the date of the alleged injury. The referee also concluded that Petitioner had failed to give Employer notice of his claim within 120 days of the alleged injury as required by section 311 of the Act.[3] The Board affirmed.

On appeal to this court,[4] Petitioner contends 1) that his claim was not time barred because the payments he received from Employer tolled the statute of limitations and 2) that Employer was given proper notice within 120 days of the injury.

> Section 315 of the Act provides in pertinent part:
> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article, or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof . . . Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition. *Provided, that any payment made under an established plan or policy of insurance for the payment of benefits on account of non-occupational*

---

[2] 77 P.S. §602.

[3] 77 P.S. §631.

[4] Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.)*, 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987).

*illness or injury and which payment is identified as not being workmen's compensation shall not be considered to be payment in lieu of workmen's compensation, and such payment shall not toll the running of the Statute of Limitations.* (Emphasis added.)

Thus, the critical question in this case is whether the payments received by Petitioner were workmen's compensation, in which case the statute of limitations was tolled, or payments made pursuant to an established plan for the payment of benefits on account of non-occupational illness or injury and identified as not being workmen's compensation, in which case the statute of limitations was not tolled. *See Roberts v. Workmen's Compensation Appeal Board (Merck, Sharp & Dohme and PMA),* 104 Pa. Commonwealth Ct. 114, 521 A.2d 100 (1987); *Palm v. Workmen's Compensation Appeal Board (Cluett, Peabody & Co., Inc.),* 78 Pa. Commonwealth Ct. 63, 466 A.2d 1108 (1983), *aff'd,* 507 Pa. 555, 492 A.2d 1118 (1985). Petitioner contends that the payments he received from Employer constituted workmen's compensation. Since the last payment was made on September 20, 1981, Petitioner contends that the three year statute of limitations did not begin to run until September 20, 1981 and that his May 29, 1984 claim petition was timely filed.

In this case, the referee found that the payments were identified by Employer as *not* being workmen's compensation and there is substantial evidence in the record to support this finding. Employer's benefits plan booklet, which Petitioner received each year, clearly stated that sick pay disability benefits "together with statutory benefits such as workmen's compensation" would provide continuing income. The booklet makes it clear that these payments were not workmen's compen-

sation but were benefits which were to be received *in addition to* workmen's compensation.

Petitioner contends that the checks he received contained no disclaimer that they were not workmen's compensation checks. We conclude that the Act does not require each check to contain a disclaimer stating that it is not workmen's compensation. Employer's booklet to its employees clearly indicated that these payments were not workmen's compensation benefits. Thus, the payments made to Petitioner did not toll the statute of limitations, and Petitioner's claim was time barred. The fact that Petitioner failed to file his claim petition to comply with the statute of limitations is enough to support the referee's decision dismissing Petitioner's claim petition. However, the referee also found that Petitioner failed to give Employer proper notice of the injury.

Petitioner argues that Employer was given proper notice of the injury. Petitioner maintains that the referee's finding that Employer was not given proper notice was based solely on hearsay evidence. We disagree.

Section 311 of the Act requires an employee to give his employer notice within 120 days of the alleged injury in order to be entitled to compensation. Section 312 of the Act, 77 P.S. §632, provides that the notice shall inform the employer that the employee "received an injury . . . in the course of his employment. . . ." Thus, the employer must not only be notified that the employee was injured but must also be notified that the injury was job related. *Rinehimer v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 480, 444 A.2d 1339 (1982). Whether an employee has given proper notice to his/her employer is a question of fact for the referee. *Long v. Workmen's Compensation Appeal Board (Anchor Container Corporation)*, 95 Pa. Commonwealth Ct. 242, 505 A.2d 369 (1986).

The referee in this case found that the Employer did not have notice until the claim petition was filed. We have carefully reviewed the record and find that the record contains substantial evidence, which is not hearsay, to support the referee's finding.

Employer's claims supervisor testified that he personally had no knowledge of the injury until the claim petition was filed. The claims supervisor was responsible for handling all claims against the company.

Petitioner testified that his wife called his foreman and reported his back injury. However, there was no testimony to the effect that the foreman was notified Petitioner hurt his back at work. Also, Petitioner testified that while he was in the hospital he spoke to his foreman but never mentioned that he was hurt at work.

Accordingly, we affirm.

ORDER

AND NOW, June 27, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed.