**Donald TOY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ALLTEL PA., INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 9, 1994.

Decided Dec. 15, 1994.

Robert Petrosky, for petitioner.

Edward D. Klym, for respondent.

Before COLINS, President Judge, NEWMAN, J. and SILVESTRI, Senior Judge.

NEWMAN, Judge.

Donald Toy (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision that granted Claimant's petition for penalties and awarded him attorney's fees.

Claimant, a lineman for Alltel Pa., Inc. (Employer), filed a claim petition on August 21, 1987, alleging that he sustained an injury to his lower back on July 14, 1987.[1] Employer filed an answer denying the material allegations of the petition. Following hearings, the referee found that Claimant sustained a work-related injury and awarded him benefits for a closed period.[2] Employer appealed to the Board, which affirmed the referee's decision on January 8, 1990.

Employer did not appeal the Board's determination to our court, and on June 13, 1990, Employer sent Claimant a check in the amount of $8,289.35 and his attorney a check

---

1. During a period of his disability, Employer paid Claimant his wages and certain sickness/accident benefits.

2. This closed period was from February 12, 1987 through December 3, 1987.

for $2,072.34. The total amount, $10,361.69, represented Claimant's total disability benefits for 42 and 1/7 weeks plus simple and accrued interest, less $7,078.40 that Employer paid Claimant in wages and sickness/accident benefits (supplemental benefits).

Immediately following the Employer's issuance of these drafts, Claimant filed a petition for penalties, contending that Employer never raised the issue of a credit for the supplemental benefits before the referee or the Board. On July 3, 1990, Employer filed a review petition, requesting that the workmen's compensation authorities provide it with a credit for the supplemental benefits paid to Claimant.

After another series of hearings, the referee granted Claimant's petition for penalties and denied Employer's review petition. Specifically, the referee directed Employer to pay Claimant $7,078.40, plus ten percent interest on all deferred payments. The referee further ordered that Employer pay Claimant a penalty of twenty percent on the amount withheld and Employer reimburse Claimant's attorney twenty percent because of its unreasonable contest of Claimant's petition for penalties. Employer appealed to the Board and, at the same time, requested a supersedeas, which the Board granted.

The Board affirmed the referee's decision to dismiss Employer's review petition, but it vacated and remanded the decision of the referee to grant Claimant's petition for penalties. In its order, the Board instructed the referee to render findings of fact concerning whether Employer was entitled to a credit for the supplemental benefits.

On April 30, 1993, the referee found that the supplemental benefits were of the type that qualified for a credit; however, the referee held that Employer waived its claim to a credit because it failed to raise the issue before him and the Board in Claimant's original claim petition. Thus, the referee reaffirmed his award to Claimant of the amount

Employer withheld, a twenty percent penalty on that amount, and attorney's fees. Employer again appealed to the Board.

This time, the Board reversed the referee's decision in part. Specifically, the Board held that the Employer did not waive the credit issue by not presenting it in the original claim petition. The Board also held that a grant of attorney's fees to Claimant was not warranted. However, the Board determined that Employer took a larger credit than the credit to which it was entitled and affirmed in part the imposition of a twenty percent penalty on the difference.[3] Claimant now appeals to our court.

On appeal, Claimant presents two issues for our review: (1) whether the Board properly determined that Employer did not waive its right to a credit for the supplemental benefits by not raising the issue during the claim petition; and, (2) whether the Board properly determined that Employer had a reasonable basis to contest Claimant's petition for penalties.[4]

## I

Holding that employers are under no obligation to preserve the issue of credits during the initial claim petition period, the Board reasoned that judicial economy is better served by referees not having to deal with the issue because "[i]f the claim is denied the credit issue becomes moot." Board's decision of March 29, 1994 at 3. In this respect, the Board concluded that:

> [w]hether payments made in lieu of compensation by [Employer] entitled [Employer] to a credit against compensation benefits is not material to the determination of whether a claim should be granted or denied. Therefore, not raising the credit issue when the claim is contested is not a waiver of that credit.

*Id.*

■ While the Board based its rationale on judicial economy, we believe that a more

---

3. The Board determined that Employer was entitled to a credit of $5,803.12. Thus, Employer owed Claimant $1,275.28.

4. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether neces-

sary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *aff'd*, 531 Pa. 287, 612 A.2d 434 (1992).

compelling and cogent reason exists for the principle that an employer must raise the issue of a credit during the initial claim petition. Namely, we conclude that under the Board's rationale there exists a strong likelihood that claimants may be severely prejudiced unless the credit issue is raised during the claim petition. For instance, Employer, in this case, withheld $7,078.40 from Claimant without a determination by any worker's compensation authority that the amount withheld was appropriate. As this case evidences, Employer unfairly deprived Claimant of $1,275.28 for approximately four years.[5] It is clear that Claimant would not have been unfairly deprived if the credit issue had been raised by the Employer in the original claim petition. Furthermore, we note that our reasoning clearly advances the purposes of The Pennsylvania Workmen's Compensation Act,[6] that is, to favor those it intends to benefit, namely, claimants. *Visintin v. Workmen's Compensation Appeal Board (Hale Pump Company)*, 127 Pa.Commonwealth Ct. 244, 561 A.2d 372 (1989). Thus, we hold that an employer must present to the referee any credit that it may have during the initial claim petition proceeding. We believe that requiring employers to raise these issues at the earliest possible stage will prevent greater injustices than it may create.

## II

■ With respect to the second issue, we note that the issue of whether there is a reasonable contest for purposes of an award of attorney's fees is a question of law based on an examination of the record subject to our review. *Cunningham v. Workmen's Compensation Appeal Board (Franklin Steel Company)*, 159 Pa.Commonwealth Ct. 622, 634 A.2d 267 (1993). The Board reversed the referee's grant of attorney's fees, concluding that Employer had a reasonable basis to contest Claimant's petition for penalties because it did not waive the issue. We agree with the Board's decision not to award attor-

ney's fees but base our reason on different grounds.

Although in Part I of this opinion, we conclude that Employer waived its credit issue, we do not believe that an award of attorney's fees is appropriate.[7] Because the area of the law has not been previously addressed, we hold that Employer's contest of Claimant's petition for penalties was not unreasonable. Neither party offered, nor were we able to find any authority, for the proposition that an employer must present the issue of credit during the claim petition stage. We previously have stated that an employer's contest is reasonable where an analysis of the law leads to different inferences. *Landis v. Workmen's Compensation Appeal Board (Zimmerman Motor Inc.)*, 43 Pa.Commonwealth Ct. 491, 402 A.2d 723 (1979).

Accordingly, we reverse in part the Board's determination that Employer did not waive its credit issue, and we affirm in part the Board's determination that an award of attorney's fees was not appropriate.

### ORDER

AND NOW, December 15, 1994, we reverse in part the determination of the Workmen's Compensation Appeal Board that Alltel Pa., Inc. did not waive the credit issue, and affirm in part its determination that Alltel Pa., Inc.'s contest of Donald Toy's petition for penalties was reasonable.

SILVESTRI, Senior Judge, concurring and dissenting.

Although I concur in the majority's conclusion that Claimant was entitled to a penalty on the amount of monies miscalculated by Employer in determining its credit for the payment of sickness/accident benefits and the majority's affirmance of the Board's disallowance of attorney's fees for unreasonable contest, I disagree with the majority's conclusion that Employer waived its right to a credit for payments it made to Claimant

---

5. Employer paid Claimant on June 13, 1990. On June 29, 1994, the Board determined that Employer deprived Claimant of $1,275.28.

6. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

7. Moreover, we note that although Employer deprived Claimant of $1,275.28, the Board determined that a twenty percent penalty on that amount was appropriate.

prior to a determination of liability on the claim petition because Employer failed to raise the matter of a credit before the referee; accordingly, I dissent from that portion of the majority's opinion so holding.

At the outset it should be noted that the majority does not dispute Employer's entitlement to a credit for its payment of wages and sickness/accident benefits, but instead holds that Employer waived its right to a credit for these payments against Claimant's workers' compensation benefits by failing to assert the matter before the referee during its contest of the claim petition. The majority rejects the Board's analysis that as a matter of judicial economy an employer need not raise the credit issue at the outset because if it is determined that the employer is not liable, the credit issue would be moot.

The majority reasons that the credit issue should be raised initially because otherwise "there is a strong likelihood that Claimant may be severely prejudiced" and that by so holding, the majority is "advanc[ing] the purposes of The Pennsylvania Workmen's Compensation Act, that is, to favor those it intends to benefit, namely, claimant." The majority then cites the matter herein as an example of resulting prejudice because, here, the employer miscalculated its credit. However, as noted by the majority, the Board assessed a penalty to be paid by Employer on the deficient amount. Accordingly, it is unclear how the Claimant in this matter was prejudiced by Employer's failure to raise the credit issue at the initial claim petition stage or how Claimant's subsequent receipt of a windfall, in receiving a double recovery remedies the prejudice alleged by the majority.

While it is true that the Workmen's Compensation Act is to be liberally construed in favor of claimants, it is also axiomatic that a claimant does not have the right to a double recovery of benefits. *Jones v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 208, 442 A.2d 37 (1982). To hold as the majority does here, unreasonably punishes an employer who initially provides an injured worker with health and sickness benefits, without regard to its liability on a claim, thus providing the worker with an income during the litigation of the claim, and then provides the claimant a windfall when liability on the claim is determined in the claimant's favor; this does not further the purposes of the Act as alleged by the majority.