**BOEING HELICOPTERS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Barbara COBB, Administratrix of the Estate of Maynard Cobb, Deceased), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1998.

Decided June 5, 1998.

Reargument Denied Aug. 3, 1998.

Jonathan F. Ball, Philadelphia, for petitioner.

Ronald V. Cole, Elkins Park, for respondent.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, KELLEY, FLAHERTY and LEADBETTER, JJ.

SMITH, Judge.

Boeing Helicopters (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed an order of a Workers' Compensation Judge (WCJ) granting a penalty petition filed by Maynard Cobb (Claimant). Employer questions whether the Board and the WCJ erred in applying the rule of law established in *Toy v. Workmen's Compensation Appeal Board (Alltel Pa., Inc.)*, 651 A.2d 701 (Pa. Cmwlth.1994), that an employer or insurer claiming a right to a credit against workers' compensation liability must raise that issue in the original claim petition proceedings or it is waived; whether this Court should overrule the decision in *Toy;* and whether the WCJ and the Board erred in imposing a penalty, where uncontroverted evidence established that Employer correctly calculated the credit that it took against Claimant's award of compensation benefits.

I

By decision and order of November 28, 1994, WCJ Nancy Goodwin awarded Claimant compensation benefits on his claim petition "from June 13, 1991 to the present and continuing until further order or agreement." In that proceeding Employer did not assert entitlement to any credit, and Employer did not appeal from the WCJ's order. Claimant filed a penalty petition against Employer on or about January 27, 1995, alleging that Employer had refused to make payments as ordered by the WCJ, in violation of Section 430(b) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 971(b).

At the hearing on the penalty petition, WCJ Elizabeth Crum received into evidence WCJ Goodwin's decision and order and also Defendant's Ex. 1, a copy of an agreement between Claimant and Aetna Life Insurance

Company (Aetna), dated August 12, 1991, in which Claimant agreed to reimburse Aetna for amounts paid under the Act in consideration of payments made by Aetna pursuant to the terms of any group insurance policy issued to Employer by Aetna. WCJ Crum noted that Employer stated in its proposed findings of fact that a credit of $10,089.74 was taken and deducted from Claimant's compensation benefits pursuant to the reimbursement agreement, representing the amount of sickness and accident benefits paid to Claimant. WCJ Goodwin's decision and order had not authorized such a credit, and there was no evidence presented that the credit was authorized by any means permissible under the Act.

WCJ Crum concluded that Employer's unilaterally withholding compensation payments to take a credit against sickness and accident payments that had been made violated Section 430(b) of the Act, which provides as follows:

> Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435 [77 P.S. § 991], except in the case of payments terminated as provided in section 434 [77 P.S. § 1001].

WCJ Crum concluded also that Employer's conduct violated Section 413(b) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 774.1. Section 413(b) provides that an insurer who suspends, terminates or decreases payments of compensation without submitting an agreement or supplemental agreement as provided in Section 408, 77 P.S. § 732, or a final receipt as provided in Section 434, or without filing a petition making specified allegations of return to work at the same or higher earnings or of full recovery or without having requested and having been granted a supersedeas,

shall be subject to a penalty as provided in Section 435.[1]

Under the holding in *Toy*, WCJ Crum concluded that Employer's unilateral action rendered Employer subject to penalties in the amount of 20 percent of the compensation awarded by WCJ Goodwin and statutory interest due and payable thereon of 10 percent, pursuant to Section 406.1 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1. On Employer's appeal, the Board concluded that WCJ Crum's decision was supported by the evidence and that it correctly applied the holding in *Toy*. This Court's review of a decision of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence in the record or whether there was an error of law or a constitutional violation. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

This Court in *Toy* considered a situation where an employer paid some wages and sickness and accident benefits during the pendency of a claim petition filed in August 1987. The referee awarded benefits for a closed period and the employer appealed to the Board, which affirmed in a decision of January 1990. In June 1990 the employer sent the claimant a check from which it deducted $7,078.40, representing its claimed credit. The claimant immediately filed a penalty petition. The referee awarded the claimant the amount that the employer withheld, plus a 20 percent penalty on that amount and attorney's fees. The Board reversed on the issue of the credit, concluding that judicial economy would be better served by not requiring that the issue of an employer's entitlement to a credit be raised in the original claim petition proceeding, i.e., before a claimant's entitlement to compensation was established, and that the employer therefore had not waived its claim to a credit.

---

1. At the relevant time Section 435, 77 P.S. § 991, provided in subsection (d)(i):

   Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable; Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable. Section 435 was amended by Section 18.1 of the Act of June 24, 1996, P.L. 350, effective in 60 days, to increase the penalty limit in subsection (d)(i) from 20 to 50 percent.

This Court reversed. The Court noted that an employer's failure to raise the issue of possible credit in the original claim proceeding had the potential to prejudice a claimant severely, as had occurred in that case, where the credit the employer took was found to have been excessive by $1,275.28, and the claimant was unfairly deprived of this money for approximately four years. Citing *Visintin v. Workmen's Compensation Appeal Board (Hale Pump Co.,)*, 127 Pa. Cmwlth. 244, 561 A.2d 372 (1989), the Court referred to the principle that the purpose of the Act is to favor those whom it intends to benefit, namely, claimants. The Court held: "[A]n employer must present to the referee any credit that it may have during the initial claim proceeding. We believe that requiring employers to raise these issues at the earliest possible stage will prevent greater injustices than it may create." *Toy*, 651 A.2d at 703. The Court affirmed the Board's determination that an award of attorney's fees was not appropriate because neither party offered authority for the proposition that a claim for credit must be presented at the claim petition stage, and the Court had found none.

## II

Employer contends that the WCJ and the Board incorrectly applied the holding in *Toy*, asserting that the circumstances of the two cases are sufficiently distinct to render *Toy* inapposite.[2] Primarily, Employer emphasizes that there was no mention of any agreement in *Toy*, whereas in this case Claimant's signed agreement prevented him from realizing a double recovery. It asserts that a reasonable reading of *Toy* is that an employer should be required to raise the issue of a

credit before the WCJ in the claim petition only where there is some dispute as to an employer's entitlement to a credit, which is not the case here. Further, Employer refers to the second paragraph of Section 319 of the Act, 77 P.S. § 671, relating to the subrogation of employer or insurer to amounts paid prior to award.[3] Asserting that this provision provides a useful analogy, but is not directly applicable to the present situation under the "common law" right to credit that in the agreement, Employer interprets Section 319 to mean that the right to subrogation need be established at the hearing only if the parties do not enter into an agreement.

In the alternative, Employer contends that this Court should overrule *Toy*. First, Employer contends that *Toy* violates a policy against double recovery by Claimants, which it asserts was restated by the Supreme Court in *Ducjai v. Dennis*, 540 Pa. 103, 656 A.2d 102 (1995). Further, Employer notes that in *Humphrey v. Workmen's Compensation Appeal Board (Supermarket Service)*, 100 Pa. Cmwlth. 33, 514 A.2d 246, 248 (1986), the Court stated that, although "the concepts of subrogation and credit have many similarities, they are distinguishable because a credit does not have its genesis in a workmen's compensation setting in Section 319 of the Act." Employer asserts that its "common law" right to a credit is equitable in nature, in contrast with the "statutory" right to subrogation pursuant to Section 319 of the Act. Employer argues that, to the extent that the concepts of credit and right to subrogation are distinguishable, the Court in *Toy* should not have imposed a Section 319–type limitation on an employer's right to a credit. To the extent that similarities between the two

---

2. Employer argues at some length that the WCJ and the Board committed an improper retroactive application of the holding in *Toy* because the unappealed decision and order of WCJ Goodwin was issued before *Toy* was decided. The Court notes that Employer raised no such issue on its appeal to the Board, where it argued only the merits of the application of *Toy* to the present case, and that such a question may not fairly be said to be encompassed within the statement of the issues presented in Employer's petition for review. Consequently, this issue has been waived. Pa.R.A.P. 1551(a) and 1513.

3. Section 319 provides in part as follows:

> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act[,] in the event of an agreement or award for that injury[,] the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

concepts would warrant a similar standard, Employer argues that the Court erred in *Toy* by failing to incorporate Employer's interpretation that a right to subrogation need be established before a WCJ only if the parties have not agreed to such a right.

Claimant responds that Section 430(b) of the Act provides simply that an employer who fails to pay compensation without filing a petition or having a signed supplemental agreement or final receipt shall be subject to penalties under Section 435. Claimant notes that his agreement with Aetna provides that he shall reimburse Aetna, not that Aetna may withhold money from any award of compensation. Claimant asserts that he has not been able to perform his obligation to make reimbursement because Employer has not complied with the terms of WCJ Goodwin's award. The issue, Claimant argues, is not whether he must repay the money but rather the illegal manner in which Employer sought to take the credit. Claimant contends that the Board's order does not retroactively apply the holding of *Toy* because that decision is not dispositive. Rather, the situation is simply that Employer withheld funds that WCJ Goodwin ordered to be paid, in violation of Section 430(b) of the Act.

█ The Court notes that, although the term "credit" has sometimes been used generically to refer to any right of an employer or insurer for reimbursement for past payments, cases such as *Humphrey* show that the concepts of a credit and a right to subrogation are distinct. An employer is entitled to a credit or offset against its workers' compensation liability for the amounts paid to a disabled employee that are not wages for work performed but are in relief of the employee's inability to work. *Temple v. Penn-sylvania Department of Highways,* 445 Pa. 539, 285 A.2d 137 (1971). This is true even if the employer makes such payments while denying that it is liable to pay workers' compensation benefits. *Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa.Super. 165, 38 A.2d 337 (1944) (where employer paid its oldest employee a fixed amount per month while denying that his disabling silicosis was work-related, employer was entitled to a credit against workers' compensation liability for each week in which its payments were greater than or equal to the amount of compensation due). In such cases the payments are regarded as being "in lieu of compensation," and the employer's right is most appropriately characterized as a credit or an offset against compensation liability.[4]

█ Where an employer or insurer makes payments under a general sickness and accident insurance plan, based on an assumption that a disability is not compensable, and the disability is later determined to be compensable, the right to reimbursement for payments made on an incorrect basis is the right to subrogation set forth in the second paragraph of Section 319 of the Act. *See, e.g., Marsh v. Workmen's Compensation Appeal Board (Prudential Ins. Co.),* 673 A.2d 33 (Pa.Cmwlth.1996). In the present case, the payments made to Claimant under a non-occupational sickness and accident policy fall squarely within the terms of Section 319 of the Act, and the right at issue is a right of subrogation rather than a right to credit or offset against workers' compensation liability. The contract between Aetna and Claimant created no new "common law" right but rather simply memorialized Aetna's rights under the Act. As the Superior Court

---

4. As the Supreme Court has observed, the phrase "in lieu of compensation" appears in the limitation provisions of Section 315 of the Act, 77 P.S. § 602. That Section establishes a limitations period of three years, provided that where payments of compensation have been made, the period shall not expire until after three years from the time of the most recent payment before the filing of the claim petition. Payments under an established plan or policy of insurance for non-occupational illness or injury, however, shall not be regarded as payments in lieu of workers' compensation and shall not toll the running of the statute. This proviso tolling the limitations period was placed into the Act to prevent imposition on unwary employees, who might fail to file a claim petition timely because they were receiving such payments. *Temple* (citing *Chase v. Emery Mfg. Co.,* 271 Pa. 265, 113 A. 840 (1921)). Therefore, an important distinction between a right to a credit or offset against workers' compensation liability and a right of subrogation based on payments under non-occupational illness or disease insurance is that payments giving rise to the latter do not toll the running of the limitations period. *Davis v. Workmen's Compensation Appeal Board (National Fuel Gas),* 117 Pa.Cmwlth. 320, 544 A.2d 535 (1988).

has held, a right to subrogation may be declared in contract, but even then it is to be regarded as being based upon equitable principles, because the right exists wholly apart from contractual provisions. *See First National Bank of Ashley v. Reily,* 165 Pa.Super. 168, 67 A.2d 679 (1949).

■■■■ Aetna's right to subrogation, although set forth in Section 319 of the Act, is a true equitable right. The Supreme Court firmly rejected a claim that the incorporation into the first paragraph of Section 319 of the employer's right to be subrogated to a claimant's recovery from a third-party tort-feasor rendered that right "statutory" rather than equitable in nature. *Smith v. Yellow Cab Co.,* 288 Pa. 85, 135 A. 858 (1927). The court observed that the legislature presumably used the term, which has little application outside the law, in its legal sense. *Id.* Nevertheless, a right of subrogation is not self-executing, and a party asserting a right of subrogation must exercise reasonable diligence to protect his or her interest. *Travelers Ins. Co. v. Hartford Accident & Indem. Co.,* 222 Pa.Super. 546, 294 A.2d 913 (1972). Aetna in particular should be aware that it is possible for a party asserting a right to subrogation to waive that right. This Court held in *Workmen's Compensation Appeal Board v. Olivetti Corp. of America,* 26 Pa. Cmwlth. 464, 364 A.2d 735 (1976), that although there was testimony that Aetna had made sickness and accident payments to the claimant, Aetna's subrogation claim was waived where it was raised for the first time on appeal to this Court.

■■■■ Employer's arguments concerning the effect of an agreement for compensation are based on a misreading of cases such as *Toy* and *Olivetti.* Those cases do not concern the creation of a right to subrogation. Rather, those cases address the proper means and time for asserting such a right. Although Aetna's legal right to subrogation was memorialized in the agreement, facts concerning the amount and the terms of repayment were not established. Claimant agreed to no specific amount when he signed the agreement in 1991: the amount could not be known at that time. The crucial facts of the amount and manner of repayment were never estab-

lished by an order of a WCJ or the Board or by a supplemental agreement duly filed with the Board. Although Employer does not address Sections 430(b) and 413(b) of the Act, there is no question that Aetna's unilateral withholding of over $10,000 from the award made by WCJ Goodwin violated these provisions. The circumstances of this case therefore lend support for the Court's holding in *Toy,* rather than present an opportunity or a basis for overruling that decision.

Employer's final contention is that because Claimant does not dispute that the amount that was withheld was correct, the WCJ and the Board erred in assessing a penalty. It asserts that in *Toy* a penalty was assessed because the amount withheld was greater than the amount actually due and that the penalty applied only to the excess. This reading of *Toy,* however, is not correct. Although the Board held that a penalty was due only on the excess that the employer withheld, this Court's holding was that the failure to present the claim for a credit in the original claim petition meant that such claim was waived in its entirety. The Court's order reversed the Board's holding that the employer did not waive the credit issue, thereby necessarily upholding the conclusion of the referee that the entire amount had been withheld illegally and was subject to a penalty. In sum, the Court concludes that the Board committed no error in determining that Employer's unilateral action was in violation of the Act and properly rendered Employer liable for penalties. The order of the Board is affirmed.

### *ORDER*

AND NOW, this 5th day of June, 1998, the order of the Workers' Compensation Appeal Board is affirmed.

DOYLE and LEADBETTER, JJ., dissent.