**CITY OF PHILADELPHIA, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SHER-LOCK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 10, 2007.

Decided Oct. 10, 2007.

Martin G. Malloy, Philadelphia, for petitioner.

Neil S. Kerzner, Philadelphia, for respondent.

BEFORE: COLINS, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The City of Philadelphia (Employer) petitions for review of the April 9, 2007, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of workers' compensation judge Joseph Hagan (WCJ Hagan) granting the penalty petition filed by Eugene Sherlock (Claimant) and, pursuant to section 435(d)(i) of the Workers' Compensation Act (Act),[1] imposing a fifty-percent penalty against Employer. We affirm.

On September 10, 1997, Claimant sustained a work-related injury, and on March 25, 1998, Claimant filed a claim petition seeking benefits. Employer did not file an answer to Claimant's claim petition or appear at the hearing before WCJ Ollie E. Arrington (WCJ Arrington). (WCJ Arrington's Findings of Fact, Nos. 3–5.) Accordingly, by order dated July 24, 1998, WCJ Arrington granted Claimant's claim petition, awarded Claimant ongoing work-

---

1. Act of June 2, 1915, P.L. 736, added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 991(d)(i). Section 435(d)(i) of the Act provides, in pertinent part, that an employer who violates the Act may be penalized a sum not exceeding ten percent of the amount awarded and interest accrued and payable. 77 P.S. § 991(d)(i). These penalties may be increased to fifty percent in cases of unreasonable or excessive delays. *Id.*

ers' compensation (WC) benefits from September 10, 1997,[2] and directed Employer to deduct twenty percent from Claimant's award to pay attorney's fees. Employer did not appeal WCJ Arrington's order but did not pay any WC benefits or attorney's fees pursuant to the order.

On or about November 28, 1998, Claimant filed a penalty petition against Employer, alleging that Employer had violated the Act by unilaterally refusing to pay the WC benefits and attorney's fees ordered by WCJ Arrington. The matter went before WCJ Hagan, where, in support of his petition, Claimant submitted an affidavit in which he stated that he had not received from Employer the WC benefits ordered by WCJ Arrington. Claimant also submitted the affidavit of his attorney's bookkeeper, who stated that Employer had not paid the attorney's fees ordered by WCJ Arrington. (WCJ Hagan's 5/26/2006 op., Findings of Fact, Nos. 1–4.) For its part, Employer argued that it had constructively complied with WCJ Arrington's order because Employer had paid Claimant Injured On Duty (IOD) benefits pursuant to an agreement made in Claimant's separate civil service action.[3] WCJ Hagan agreed with Employer and denied Claimant's penalty petition.

Claimant appealed to the WCAB, which reversed, concluding that: (1) the parties' eventual resolution of Claimant's civil service appeal was irrelevant to the issue of whether Employer had violated the Act; (2) it was undisputed that Employer had failed to render any payments pursuant to WCJ Arrington's July 24, 1998, order, which it was legally obligated to do under the Act; and (3) Employer's failure to pay Claimant WC benefits was in clear violation of the Act. Thus, the WCAB remanded the matter to the WCJ for additional findings of fact and conclusions of law limited to the issue of whether penalties, litigation expenses and attorney's fees should be assessed against Employer for its violation of the Act.[4] (WCJ Hagan's 5/26/2006 op., Findings of Fact, Nos. 5–6; WCAB's 10/22/2002 op.)

On remand, Claimant again presented his own affidavit and the affidavit of his attorney's bookkeeper to support his penalty petition. In opposition, Employer again argued that it had constructively complied with WCJ Arrington's July 24, 1998, order by paying Claimant IOD benefits. To support its argument, Employer presented the deposition testimony of Richard Giaconia, an occupational safety administrator for Employer's streets department. Giaconia testified about the settlement agreement between Employer and Claimant pertaining to Claimant's civil service claim for IOD benefits. Giaconia explained that under the agreement, Claimant would receive IOD benefits at least until April 2001, and, consequently, Claimant would receive more money through IOD benefits than he would have received in WC benefits. (WCJ Hagan's 5/26/2006 op., Findings of Fact, No. 9.)

■ After considering the evidence, WCJ Hagan concluded that, in unilaterally

---

2. Claimant returned to work with no loss of wages on May 11, 1998, and Employer was entitled to a suspension of benefits as of that date. (WCJ Hagan's 5/26/2006 op., Findings of Fact, No. 10.)

3. As part of the settlement, Claimant and Employer filed a stipulation of facts which made no reference to Claimant's workers' compensation claims and stated that it resolved all outstanding appeals before Employer's Civil Service Commission. (R.R. at 13a–15a, 66a–68a.)

4. Employer petitioned this court for review of the WCAB's remand order, but the petition was quashed on the grounds that the order was interlocutory.

refusing to pay the WC benefits and attorney's fees, Employer had violated the Act. WCJ Hagan further found that Employer's ongoing refusal to pay benefits was unreasonable and amounted to an excessive delay, entitling Claimant to an increased penalty pursuant to section 435(d)(i) of the Act. (WCJ Hagan's 5/26/2006 op., Findings of Fact, Nos. 11, 14, 16.) Thus, WCJ Hagan granted Claimant's penalty petition and assessed a fifty-percent penalty against Employer. The WCAB affirmed, and Employer now petitions this court for review.[5]

■ Employer first argues that the WCAB erred in concluding that Employer's payment of IOD benefits to Claimant was irrelevant to the question of whether Employer violated the Act by not complying with WCJ Arrington's order. Employer relies on this court's decision in *Gunter v. Workers' Compensation Appeal Board (City of Philadelphia)*, 771 A.2d 865 (Pa.

Cmwlth.2001), *aff'd on other grounds*, 573 Pa. 386, 825 A.2d 1236 (2003),[6] and its own Civil Service Regulation 32[7] (Regulation 32) for the proposition that the payment of IOD benefits is *equivalent* to the payment of WC benefits pursuant to a notice of compensation payable. Therefore, Employer asserts that it fully satisfied its obligation to pay WC benefits to Claimant *under the Act* by paying the IOD benefits. We disagree.

Initially, we point out that in relying on language from this court's decision in *Gunter*, Employer ignores the fact that our supreme court essentially disregarded that language and affirmed *Gunter* on other grounds. Moreover, we fail to see *Gunter's* application in the present case. In *Gunter*, the courts considered whether Employer's *erroneous* payment of IOD benefits under Regulation 32 collaterally estopped Employer from denying the employee's subsequent claim petition on the grounds that the injury was not work-

---

**5.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. The question of whether an employer violates the Act is a question of law, which is fully reviewable by this court. *Mercer Lime and Stone Company v. Workers' Compensation Appeal Board (McGallis)*, 923 A.2d 1251 (Pa.Cmwlth.2007). However, whether a penalty is awarded is within the WCJ's sound discretion. *Id.*

**6.** In *Gunter*, the claimant argued that the employer (the same Employer involved here) was estopped from contesting its liability for the claimant's injury under the Act because Employer previously had paid the claimant IOD benefits. Relying on this court's prior decisions equating payment of IOD benefits under Employer's regulation (the same Regulation 32 at issue here) to compensation paid pursuant to a notice of compensation payable, the claimant asserted that the payment of IOD

benefits also should establish Employer's liability under the Act. Interestingly, in *Gunter*, Employer argued that the payment of WC benefits pursuant to the Act and the payment of IOD benefits under Regulation 32 are *not* always interchangeable or equivalent, the precise opposite of its current position.

**7.** Regulation 32 provides, in relevant part, that if an employee becomes entitled to WC benefits under the Act as the result of a service-connected injury or illness, the benefits to which the employee is entitled under the terms of Regulation 32 for any particular week, shall, to the extent and in the amount of WC benefits payable for that week, be considered a payment of wages in lieu of compensation. Section 32.09(a) of Regulation 32; available at *http://www.phila.gov/personnel/webregs/regs32.htm*. If an employee receives WC benefits for a period for which the employee used sick leave, Employer is entitled to a week for week credit for the sick leave against the WC benefits. Section 32.09(d) of Regulation 32.

related.[8] That is not the issue here.

■ Essentially, in this case we have what WCJ Hagan properly characterized as Employer's attempt at self-help. Employer decided that, rather than follow the procedures set forth in the Act, it would credit itself for the IOD benefits paid against the WC benefits due. However, the Act does not give the employer the right of self-help, i.e., the right to ignore the requirements of the Act and unilaterally suspend, terminate, modify or refuse to pay benefits without following the prescribed statutory remedies.[9] *See Cohen v. Workers' Compensation Appeal Board (City of Philadelphia)*, 589 Pa. 498, 909 A.2d 1261 (2006); *Robb, Leonard & Mulvihill v. Workers' Compensation Appeal Board (Hooper)*, 746 A.2d 1175 (Pa. Cmwlth.2000); *Boeing Helicopters v. Workers' Compensation Appeal Board (Cobb)*, 713 A.2d 1181 (Pa.Cmwlth.1998); *Toy v. Workmen's Compensation Appeal Board (Alltel Pa., Inc.)*, 651 A.2d 701 (Pa. Cmwlth.1994). Employer could have ensured its entitlement to a credit for the IOD benefit payments and relieved itself of its duty to pay WC benefits under the Act had it appeared at the initial claim petition proceedings before WCJ Arrington and asserted that entitlement, *see Boe-*

*ing* (stating that an employer's right to subrogation or to a credit under the Act *must be raised during the original claim petition* ); *Toy* (holding that the failure to present a claim for credit *in the original claim petition* means that the claim was waived in its entirety); however, Employer did not appear at the original claim petition proceedings and did not pay the WC benefits and attorney's fees awarded by WCJ Arrington. Instead, Employer acted under its own regulations, essentially ignoring the workers' compensation proceedings. Thus, we agree with the WCAB and WCJ Hagan that Employer's unilateral refusal to pay Claimant WC benefits in accordance with WCJ Arrington's order is a violation of the Act upon which WCJ Hagan could properly base an award of penalties.

■ We also reject Employer's argument that WCJ Hagan abused his discretion in assessing a fifty-percent penalty against Employer based on the finding that Employer's ongoing failure to pay Claimant benefits amounted to an excessive and unreasonable delay.[10] When a violation of the Act occurs, the assessment of penalties, as well as the amount of penalties, is within the discretion of the

8. In deciding that the employer was not collaterally estopped from opposing the claimant's petition, our supreme court did not decide the issue of whether the payment of benefits under Regulation 32 and the payment of benefits under the Act are equivalent, reasoning that even if the two were equivalent, an employer can challenge a notice of compensation payable based on a material mistake of fact, which essentially was what Employer was doing in *Gunter*.

9. It is well-settled that an employer who is obligated to pay a claimant benefits may cease paying such benefits only when one of the following conditions is satisfied: (1) a supplemental agreement is submitted; (2) a final receipt is submitted, signed by the claim-

ant; (3) an interlocutory order is secured from a WCJ granting a discretionary supersedeas; (4) a petition to suspend compensation is filed with an accompanying affidavit from the insurer that the claimant has returned to work at wages greater than or equal to his pre-injury wages; or (5) a final order is secured from a WCJ terminating a claimant's benefits. *Robb, Leonard & Mulvihill v. Workers' Compensation Appeal Board (Hooper)*, 746 A.2d 1175 (Pa.Cmwlth.2000). Until one of the above events occurs, an employer carries the burden of paying compensation during the entire litigation period. *Id.*

10. Employer maintains that there was no unreasonable delay of its payment of WC benefits because it paid Claimant IOD benefits.

WCJ. *Jordan v. Workers' Compensation Appeal Board (Philadelphia Newspapers, Inc.)*, 921 A.2d 27 (Pa.Cmwlth.2007). Absent an abuse of discretion by the WCJ, this court will not overturn a WCJ's assessment of penalties. *Id.* An abuse of discretion is not merely an error of judgment but occurs when the law is misapplied in reaching a conclusion. *Id.*

WCJ Hagan found that Employer clearly violated the Act by not paying Claimant the WC benefits to which he was entitled. Moreover, WCJ Hagan found that Employer's *ongoing* failure to pay Claimant the WC benefits and attorney's fees ordered in July 1998 amounted to an unreasonable and excessive delay. Having found that Employer's delay was unreasonable and excessive, WCJ Hagan acted within his discretion when he imposed an increased penalty of fifty percent against Employer pursuant to section 435(d)(i) of the Act.[11]

Accordingly, we affirm.

### ORDER

AND NOW, this 10th day of October, 2007, the order of the Workers' Compensation Appeal Board, dated April 9, 2007, is hereby affirmed.

---

**11.** Finally, we reject Employer's contention that, because WCJ Hagan's order on remand required Employer to pay Claimant immediately, WCJ Hagan exceeded the scope of the WCAB's remand order. However, absent the grant of a supersedeas, all orders are subject to immediate payment. *See generally Snizaski v. Workers' Compensation Appeal Board (Rox Coal Company)*, 586 Pa. 146, 891 A.2d 1267 (2006) (stating that an employer's refusal to pay a WC benefit could warrant a penalty if it persisted for a single day); section 430(b) of the Act, 77 P.S. § 971(b) (stating that an employer who refuses to make any payment provided for in a decision without filing a petition and being granted supersedeas violates the Act and shall be subject to penalties).