IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rudy Yuille,                                    :
                         Petitioner             :
                                                :
      v.                                        :  No. 490 C.D. 2022
                                                :
City of Philadelphia (Workers'                  :
Compensation Appeal Board),                     :
                         Respondent             :  Submitted:  December 30, 2022

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                   FILED:  January 31, 2023

      Rudy Yuille (Claimant) petitions this Court for review of the April 21, 2022
order of the Workers' Compensation Appeal Board (Board), affirming the decision
of a workers' compensation judge (WCJ) that modified Claimant's total disability
benefits based on the results of a September 17, 2020 impairment rating evaluation
(IRE) conducted pursuant to Section 306(a.3) of the Workers' Compensation Act
(Act).[1]  Claimant argues on appeal that Act 111, which enacted the IRE provisions

---

[1] The Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L.
714 No. 111 (Act 111), 77 P.S. § 511.3.  Act 111 reenacted the IRE provisions contained in former
Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2,
repealed by Section 1 of Act 111, which our Supreme Court invalidated as an unconstitutional
delegation of legislative authority in *Protz v. Workers' Compensation Appeal Board (Derry Area
School District)*, 161 A.3d 827 (Pa. 2017).

      Section 306(a.3) of the Act provides that a claimant who has received total disability
benefits for 104 weeks must submit to an IRE conducted pursuant to the Sixth Edition (second
printing April 2009) of the American Medical Association's Guides to the Evaluation of
**(Footnote continued on next page…)**

in Section 306(a.3), is unconstitutional and cannot be applied retroactively to injuries sustained prior to Act 111's October 24, 2018 effective date. After review, we affirm.

## I. Background

The underlying facts in this matter are undisputed. Claimant sustained a work injury on March 28, 2014, which Claimant's employer, the City of Philadelphia (Employer), accepted through issuance of a notice of compensation payable, which described Claimant's injury as a rupture to his lower back area. Certified Record (C.R.), Item No. 12. On March 12, 2021, Employer filed a petition to modify Claimant's total disability benefits following a September 17, 2020 IRE conducted by Lucian Bednarz, M.D., which assigned Claimant a WBI rating of 13%. C.R., Item No. 2. Accordingly, Employer sought to have Claimant's disability benefits modified from total to partial, effective September 17, 2020. *Id.*

In a November 10, 2021 decision, the WCJ granted Employer's modification petition, based on Dr. Bednarz's credible testimony and the September 17, 2020 IRE.[2] C.R., Item No. 4, WCJ Decision, Finding of Fact (F.F.) No. 8, 10. The WCJ recognized that Claimant raised an argument regarding the constitutionality of Act 111 but found that he lacked jurisdiction to render a decision on the issue; however, the WCJ preserved the constitutional claim for further appellate review. F.F. No. 11. As Claimant's WBI rating fell below the 35% threshold established in Section

---

Permanent Impairment (AMA Guides), which calculates a claimant's degree of impairment due to the compensable injury. If a claimant's whole-body impairment (WBI) rating is less than 35%, the claimant shall receive partial disability benefits pursuant to Section 306(b) of the Act. Section 306(b) of the Act limits a claimant's receipt of partial disability benefits to 500 weeks. 77 P.S. § 512.

[2] Dr. Bednarz calculated Claimant's WBI by utilizing the Sixth Edition of the AMA Guides, as required by Section 306(a.3) of the Act. C.R., Item No. 11, Ex. D2.

306(a.3) of the Act, the WCJ modified Claimant's disability status from total to partial, effective September 17, 2020. WCJ Decision at 6.

Claimant appealed to the Board, arguing that the retroactive application of Section 306(a.3) violated various provisions of the Pennsylvania and United States Constitutions.[3] The Board also acknowledged that it lacked jurisdiction to determine the constitutional validity of Section 306(a.3). C.R., Item No. 7, Board Decision at 3. Nevertheless, the Board affirmed the WCJ, citing several decisions of this Court and our Supreme Court that upheld the constitutionality of Section 306(a.3) and Act 111. This appeal followed.[4]

## II. Issues

On appeal, Claimant argues that retroactive application of Act 111 to injuries sustained prior to Act 111's enactment on October 24, 2018, violates the Remedies Clause in Article I, Section 11 of the Pennsylvania Constitution.[5]

---

[3] Claimant's appeal to the Board argued that Act 111 violates the Fifth and Fourteenth Amendments to the U.S. Constitution, U.S. Const. Amends. 5, 14, and Article I, Sections 1, 11, and 17 of the Pennsylvania Constitution, Pa. Const. art. I, §§ 1, 11, 17. While Claimant's principal brief filed with this Court suggests that Act 111 violates due process, he does not develop this argument to any degree. The majority of his brief concerns a challenge to the constitutionality of Act 111 under the so-called Remedies Clause contained in Article I, Section 11 of the Pennsylvania Constitution. C.R., Item No. 5.

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007).

[5] Pa. Const. art. I, § 11. The Remedies Clause provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such

**(Footnote continued on next page…)**

3

### III.    Discussion

Claimant argues that his right to total disability benefits under the Act vested when Employer acknowledged his March 28, 2014 work injury, which predated the enactment of Act 111.  Claimant acknowledges that Sections 3(1) and 3(2) of Act 111 explicitly give retroactive effect to the IRE provisions in Section 306(a.3) of the Act,[6] and grant Employer a credit for total disability payments made prior to Act 111's enactment on October 24, 2018.  Regardless, Claimant argues that retroactive application of Act 111 unconstitutionally deprives him of a vested right to continued total disability benefits by granting Employer credit for payments made prior to Act 111's effective date.  Claimant acknowledges that Section 306(a.3)(1) of the Act permits an IRE following a claimant's receipt of 104 weeks of total disability benefits, and he does not deny that he received more than 104 weeks of total disability payments.  A portion of those payments was received prior to the enactment of Act 111, however, and Claimant suggests that only payments received after that date should be used to determine Employer's entitlement to an IRE.

Claimant similarly argues that retroactive application of Act 111 to an injury that predates Act 111's effective date unconstitutionally deprives him of his vested right to wage loss benefits.  In support of his argument, Claimant cites *Rose*

---

manner, in such courts and in such cases as the Legislature may by law direct.

[6] Section 3(1) of Act 111 provides that, for purposes of calculating whether a claimant has received 104 weeks of total disability benefits and must submit to an IRE under Section 306(a.3) of the Act, an employer "**shall be given credit** for weeks of total disability compensation paid prior to" Act 111's effective date, which is October 24, 2018.  77 P.S. § 511.3, Historical and Statutory Notes (emphasis added).  Section 3(2) of Act 111 provides that, for purposes of determining the total number of weeks of partial disability to which a claimant is entitled, an employer "**shall be given credit** for weeks of partial disability compensation paid prior to" Act 111's effective date. *Id.*

4

*Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), in which this Court declined to give effect to an IRE conducted under former Section 306(a.2) of the Act.

Claimant is correct that in *Rose Corporation* this Court held that the newly enacted IRE provisions in Section 306(a.3) effected substantive changes to the Act. He misstates our decision, however, in arguing that we also "rejected any consideration that Act 111" could be applied retroactively. Claimant's Br. at 20.

The issue in *Rose Corporation* concerned whether an IRE that predated the enactment of Act 111, but which otherwise complied with the requirements of Section 306(a.3) of the Act, could be relied upon to modify a claimant's disability status. *Rose Corp.*, 238 A.3d at 558-59. In analyzing this issue, we noted that Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926, provides that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly[,]" and that a statute must be given effect prospectively, in the absence of statutory language to the contrary. *Rose Corp.*, 238 A.3d at 559 (citing *Keystone Coal Mining Corp. v. Workmen's Comp. Appeal Bd. (Wolfe)*, 673 A.2d 418, 420 (Pa. Cmwlth. 1996)). Although "[t]he plain language of Section 3 [of Act 111] establishe[d] a mechanism by which employers/insurers may receive credit for weeks of compensation previously paid[,]" it "**did not** explicitly state or imply that an **IRE**" performed prior to "Act 111's enactment could be used to meet [its] requirements[.]" *Rose Corp.*, 238 A.3d at 561 (emphasis in original). Accordingly, while Act 111 granted an employer credit for weeks of disability paid to a claimant prior to Act 111's enactment, we held that an employer could not give effect to an IRE that predated Act 111, as retroactive application of Act 111 would have a direct, negative impact on a claimant's disability status, and Act 111

5

contained no provision that would "specifically or implicitly" give retroactive effect to an IRE performed under former Section 306(a.2). *Id.* at 562-63.

Claimant also relies on a misconstruction of *Bible v. Department of Labor & Industry*, 696 A.2d 1149 (Pa. 1997), which addressed a due process challenge to the retroactive application of amendments to Section 306(c) of the Act, 77 P.S. § 513, which expanded the types of hearing loss for which benefits could be awarded under the Act. Claimant suggests that *Bible* stands for the proposition that an act may only apply retroactively if the affected claims have not yet been adjudicated. We disagree, as the legislative enactment at issue in *Bible*, Act 1, explicitly applied to "claims existing as of the effective date of [Act 1] **for which compensation has not been paid or awarded**." *Bible*, 696 A.2d at 1151 (emphasis added). Act 1, by its express terms, did not apply to claims for which compensation had already been awarded. Indeed, the individuals challenging Act 1 had not argued that it applied to previously awarded benefits. Rather, they argued that Act 1 altered the cause of action for work-related hearing loss "so substantially" that it abrogated their claims for complete hearing loss. *Id.* at 1154. Simply put, the *Bible* Court did not review the retroactive application of Act 1 to compensation awards that predated Act 1's enactment. To the extent *Bible* generally discussed the retroactivity of legislative acts, however, it recognized that legislation "readjusting rights and burdens" was not unlawful simply because it otherwise upset "settled expectations." *Id.* at 1155.

Regarding the purported loss of his "vested rights," Claimant's argument relies on a faulty understanding of his right to continued receipt of total disability benefits. Section 413(a) of the Act provides that a WCJ "may, at any time, modify, reinstate, suspend, or terminate" an award of benefits upon proof that a claimant's disability has "increased, decreased, recurred, or has temporarily or finally

6

ceased[.]" 77 P.S. § 772. We acknowledged this reality in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth. 2021), which likewise involved a claimant who sustained a work injury prior to the passage of Act 111, and who argued that retroactive application of Act 111 impaired his vested right to continued receipt of total disability benefits, in contravention of the Remedies Clause.

We rejected this argument, explaining that a vested right is one that "so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." *Id.* at 1179 (internal citations omitted). While a workers' compensation claimant "retain[ed] a certain right to benefits until such time as [the claimant] is found to be ineligible for them[,]" the claimant also had "reasonable expectations under the Act that benefits may change." *Pierson*, 252 A.3d at 1179. The *Pierson* claimant "did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant['s WBI was] less than 35%, after receiving 104 weeks of partial disability." *Id*. We discerned no constitutional infirmity in the retroactive application of Act 111, as the General Assembly clearly intended "for the 104-week and credit provisions of Act 111 to be given retroactive effect," per the plain language in Sections 3(1) and 3(2). While Claimant suggests that this Court revisit *Pierson*, his argument in that regard merely states that Act 111 violates the Remedies Clause and the due process rights of workers, without more.

Ultimately, the precise arguments raised by Claimant, and slight variations thereof, have been consistently rejected by this Court. *See Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360 (Pa. Cmwlth. 2021) (additional

7

104-week waiting period not required before employer can request an IRE under Section 306(a.3) of the Act); *Wescoe v. Fedchem, LLC (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1010 C.D. 2021, filed August 16, 2022) (application of Act 111 to work injury that predated Act 111's enactment did not violate the Remedies Clause of the Pennsylvania Constitution);[7] *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed February 15, 2022) (upholding the retroactive application of Act 111 to injuries that predate its effective date). Claimant has provided no authority that would convince this Court to upend these decisions.

Having rejected Claimant's arguments, we turn to the undisputed facts in this case. The September 17, 2020 IRE, which assigned Claimant a WBI rating of 13%, was conducted pursuant to the Sixth Edition of the AMA Guides, as required by Section 306(a.3) of the Act. At that time, Claimant had received more than 104 weeks of total disability benefits. While Employer paid a portion of those benefits prior to Act 111's October 24, 2018 effective date, Employer is explicitly entitled to a credit for those payments, per Section 3(1) of Act 111. Based on these facts, the WCJ did not err in granting Employer's modification petition. Accordingly, we affirm the Board.

_____
ELLEN CEISLER, Judge

---

[7] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rudy Yuille,                                   :
                Petitioner     :
                                 :
      v.                             : No. 490 C.D. 2022
                                 :
City of Philadelphia (Workers'                 :
Compensation Appeal Board),                    :
               Respondent     :

# **O R D E R**

AND NOW, this 31st day of January, 2023, the April 21, 2022 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge