**DIETRICH INDUSTRIES, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SHANK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 13, 1998.

Decided Feb. 26, 1999.

Robert P. Walter, Pittsburgh, for petitioner.

Dennis A. Liotta, Pittsburgh, for respondent.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

Dietrich Industries (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ). The WCJ granted Glenn Shank's (Claimant) claim petition pursuant to the Workers' Compensation Act (Act)[1] and denied Employer a credit for Trade Readjustment Allowance benefits (TRA) paid to Claimant. This case presents an issue of first impression: whether Employer is entitled to a credit for TRA benefits received by Claimant during a period covered by a subsequent agreement for compensation. We conclude that Employer is not.

The findings of the WCJ are uncontested. Claimant suffered a lower-back injury on September 29, 1994, during the course and scope of his employment as a "big shearer operator"[2] for Employer. Claimant received compensation in the form of sickness and accident benefits, unemployment compensation benefits, and TRA benefits until an Agreement for Compensation was reached on January 21, 1997. Subsequently, Employer submitted this matter to the WCJ for a decision on the issue of its entitlement to a

credit for the sickness and accident benefits, unemployment compensation benefits, and TRA benefits previously received by Claimant. The WCJ granted Employer a credit for sickness and accident benefits and unemployment compensation benefits, but denied a credit for TRA benefits. The Board affirmed the WCJ's decision, and Employer now appeals to this Court.[3]

The Trade Act of 1974, 19 U.S.C. §§ 2271–2322 (Trade Act), like its predecessor the Trade Expansion Act of 1962, established a program of worker adjustment assistance to assist workers displaced by increases in imports.[4] Trade Act benefits were intended to supplement state unemployment insurance benefits.[5] To compensate workers for "injury" caused by import competition, the Trade Act provides for a host of benefits, including TRA, employment services, training, supplemental assistance while in training, job search allowances, and relocation allowances. 19 U.S.C. §§ 2291, 2295–98. At issue in this case are basic TRA benefits. To qualify for basic TRA benefits, an individual must meet certain statutory requirements as to certification, separation, wages and employment, entitlement to unemployment insurance benefits, exhaustion of unemployment insurance benefits, availability and active search for work, and participation in training. 19 U.S.C. § 2291(a). TRA benefits, while administered by state unemployment insurance agencies, are funded entirely by the federal government, as is the cost of administering the program. *Sturni v. Unemployment Compensation Board of Review*, 155 Pa.Cmwlth. 501, 625 A.2d 727 (1993).

Section 204(a) of the Act provides in pertinent part,

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

2. A "big shearer operator" is responsible for handling and machining various size strips of 12 gauge steel, ranging in weight from one hundred to two hundred pounds.

3. Our scope of review in an appeal from the Board is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial evidence. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper)*, 165 Pa.Cmwlth. 696, 645 A.2d 957 (1994).

4. S.Rep. No. 93–1298, (1974), reprinted in 1974 U.S.C.C.A.N. 7273.

5. S.Rep. No. 93–1298, (1974), reprinted in 1974 U.S.C.C.A.N. 7206.

[I]f the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award .... benefits under the Social Security Act shall also be credited against the amount of the payment made.... The severance benefits paid .... from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award....

77 P.S. § 71(a) (citations omitted). Employer contends that Section 204(a) makes no distinction as to the funding source of unemployment compensation benefits, and therefore the fact that TRA benefits are paid by the federal government rather than by Employer is irrelevant. We disagree.

When an employer signs an agreement for compensation or is held liable on a claim petition, the employer incurs an obligation to pay the stated compensation. Section 204(a) of the Act provides an employer a statutory right to a credit for any portion of this obligation that the employer previously fulfilled. Additionally, Section 204(a) delineates those payments that qualify as part of this obligation, thereby excluding from credit those payments made pursuant to an alternate obligation.

■ In *Marsh v. Workmen's Compensation Appeal Board (Prudential Insurance Company)*, 673 A.2d 33, 35 (Pa.Cmwlth.1996), this Court stated:

[A]n employer who pays an employee regular stated amounts, **out of its own general funds** or out of sick or accident benefits, not as wages or salary for work performed, but in relief of the employee's incapacity to work, will be allowed a credit against its later determined obligation to pay workers' compensation benefits.

(Emphasis added.) Contrary to Employer's assertion, the source of the payments received by a claimant is clearly a criterion in determining an employer's right to credit under the Act.

We also note that although the Legislature has repeatedly amended Section 204 of the Act, it has at no time included in Section 204(a) the type of credit now sought by Employer. This Court in previous decisions has held that if the language of a statute is clear and unambiguous on its face, that language is controlling and should be given full effect. In *Latella v. Unemployment Compensation Board of Review*, 74 Pa.Cmwlth. 14, 459 A.2d 464, 473 (1983), the Court stated, "this Court cannot supply an apparent omission in a statute even though it appears that the omission resulted from the Legislature's mere inadvertence or failure to forsee [sic] or contemplate a case in question." The Court also stated, "[T]he maxim *'expressio unius est exclusi[o] alterius'* is applicable here. The maxim essentially provides that where certain things are specifically designated in a statute, all omissions should be understood as exclusions." *Id.*

The statute at hand is not ambiguous; on the contrary it sets out specific benefits that are to be credited to an employer's obligation. Therefore, this Court is bound to apply the meaning of the statute as stated, which does not include a credit for TRA benefits.

■ The Act reflects the Legislature's intent to preclude employees from receiving concurrent benefits. Section 204(a) of the Act, 77 P.S. § 71(a). In the case *sub judice*, Claimant's receipt of TRA benefits coincides with his receipt of workers' compensation benefits. However, because TRA benefits are distinct from the type of benefits contemplated in the Act, Employer is not entitled to a credit pursuant to section 204(a).

For the reasons stated above, we affirm the decision of the Board.

### ORDER

AND NOW, this 26th day of February, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.