**Scot COSTA, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CARLISLE CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 2008.

Decided Oct. 14, 2008.

---

Ronald T. Tomasko, Harrisburg, for petitioner.

James A. Tinnyo, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

Scot Costa (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) to award him compensation in an amount net of his unemployment compensation benefits and to

deny him attorney's fees. Claimant asserts that the WCJ erred in its calculation of his compensation award because his employer, Carlisle Carriers Corp., did not present evidence on this credit, specifically on what portion of Claimant's unemployment compensation benefits was funded by Employer. Claimant also asserts that the WCJ erred in finding Employer's contest to be reasonable. Finding no error in the Board's affirmance of the WCJ, we affirm.

The undisputed facts are as follows. Claimant was employed as a truck driver and sustained an injury when he hit his head on the top door jam of his truck. He fell and landed on his feet, but he suffered pain to his back, neck and side and was unable to turn his neck. Claimant reported the injury to Employer's safety director, who directed him to seek treatment at CareWorks. There, Mark Battin, M.D., diagnosed Claimant with a thoracic and cervical sprain for which he prescribed muscle relaxants and light-duty work restrictions. Claimant returned to work the following Monday and was assigned to light-duty work. Claimant's last day of light-duty work for Employer was July 16, 2004, when he began collecting unemployment compensation benefits at the rate of $422 per week.

On July 19, 2004, William J. Beutler, M.D., a neurosurgeon, performed a C6–7 discectomy on Claimant.[1] The surgery gave Claimant more mobility in his neck, but the pain in his neck and back did not improve. Claimant also continued to experience numbness when driving or sitting too long without support. Claimant advised Employer of his post-surgical restrictions and asked to be put back to work, but Employer could not accommodate his restrictions.

On September 2, 2004, Claimant filed a claim petition seeking payment of medical bills, attorney's fees, partial disability benefits from April 23, 2004, through May 1, 2004, and full disability benefits for the closed period from July 19, 2004, to November 8, 2004.[2] Claimant also filed a penalty petition asserting that Employer violated the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708, specifically Section 406.1 of the Act, 77 P.S. § 717.1, added by section 3 of the Act of February 8, 1972, P.L. 25, by failing to issue a notice of workers' compensation denial in a timely manner. Employer filed an answer denying all allegations. It also filed a physical examination petition, alleging that on October 29, 2004, it requested Claimant undergo a MRI and a physical examination, but he refused. The petitions of Claimant and Employer were consolidated.

Because Claimant claimed benefits for less than 52 weeks, the parties presented their medical evidence through reports. Claimant's medical report came from Dr. Beutler. He opined that Claimant's work injury consisted of ruptured discs at C6–7, as opposed to a strain, and that the incident exacerbated Claimant's pre-existing syrinx.[3] Reproduced Record at 96a (R.R.——). In opposition, Employer submitted a report from Adnan Zawawi, M.D., who diagnosed Claimant with a cervical

---

1. In July 2004, after a course of physical therapy and medication, Claimant was discharged from CareWorks.

2. Claimant initially requested an open-ended period for disability. He stipulated to a suspension of benefits as of November 8, 2004, when he returned to modified-duty work.

3. A "syrinx" is defined as a "rarely used synonym for fistula" or a "pathologic tubular cavity in the ... spinal cord." STEDMAN'S MEDICAL DICTIONARY at 1775 (27th ed.2000).

and thoracic sprain, or whiplash, as well as cervicogenic disc disease and syrinx. He opined that Claimant had a C6–7 osteophyte, not a ruptured disc. Of these conditions, Dr. Zawawi found only Claimant's cervical sprain and thoracic sprain to be work-related and that Claimant was fully recovered from them. Dr. Zawawi submitted supplemental reports that responded, *inter alia*, to Claimant's criticisms of the quality of his examinations and to Dr. Beutler's report. Dr. Zawawi stood by his diagnosis of Claimant's work injury as a strain and his opinion that Claimant was fully recovered. At the hearing, Claimant testified that he was "collecting unemployment compensation benefits" in the amount of "$422.00 per week. That's after they take taxes out, that's what I get a week." R.R. 16a.

On June 6, 2005, the WCJ issued a decision that granted Claimant's claim petition; denied Claimant's penalty petition; and dismissed Employer's physical examination petition. Both parties cross-appealed. Claimant argued that the WCJ erred by failing to award him attorney's fees, and Employer argued that the WCJ erred by not specifying that Claimant's compensation award was to be reduced by the $422 weekly unemployment compensation benefits he received. The WCJ ordered Employer "to pay the Claimant appropriate compensation benefits, with statutory interest from July 16, 2004, to November 8, 2004, when the Claimant's benefits are suspended." WCJ Decision of 6/06/05 at 7.

The Board affirmed the WCJ's determination that Employer's contest was reasonable. On Employer's appeal, the Board ordered a remand to the WCJ. Upon remand, the WCJ held Employer was enti-tled to a credit for unemployment compensation benefits but in every other respect his decision remained the same. The Board affirmed, and the present appeal followed.[4]

On appeal, Claimant presents two issues for our consideration. First, Claimant asserts that the Board erred in giving Employer credit for Claimant's unemployment compensation because Employer failed to raise the issue to the WCJ or, alternatively, failed to present evidence that it funded Claimant's unemployment compensation benefits. Second, Claimant asserts that the Board erred in concluding that Employer had a reasonable basis to contest Claimant's claim petition.

We begin with Claimant's argument that Employer waived its ability to offset Claimant's weekly workers' compensation payments by the amount of his unemployment compensation. Claimant asserts that Employer waived the offset by not presenting evidence on that question. Employer argues, in response, that Section 204(a) of the Act is self-executing and binding on workers' compensation judges. Because Claimant's own testimony established that he was receiving $422 per week in unemployment compensation benefits, it was not necessary for Employer also to present evidence. Claimant's testimony established Employer's right to an offset. Further, Employer asserts that it did not waive the issue; to the contrary it covered the issue in its proposed findings of fact and conclusions of law filed with the WCJ.

◼ Section 204(a) of the Act establishes that compensation benefits will be reduced by the amount of unemployment

4. "Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence." *Toy v. Workmen's Compensation Appeal Board (Alltel Pa., Inc.),* 651 A.2d 701, 702 n. 4 (Pa.Cmwlth.1994).

compensation paid to a claimant. It states in relevant part as follows:

> (a) [I]f the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award ... The severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award....

77 P.S. § 71(a).[5] Simply, Section 204(a) directs the WCJ to credit the amount of a claimant's unemployment compensation benefits against the amount of the compensation benefits awarded by the WCJ.

In *Toy v. Workmen's Compensation Appeal Board (Alltel Pa., Inc.)*, 651 A.2d 701, 703 (Pa.Cmwlth.1994), this Court considered Section 204(a). In *Toy*, the employer had paid the claimant disability during the period of litigation of the claim petition. When the WCJ awarded compensation, the employer sent the claimant a check for the compensation that was net of the amount of disability paid to claimant during the litigation, which the employer claimed was $7,078.40. The claimant filed a penalty petition, and the WCJ set aside the credit. The Board reversed, concluding that the issue of an employers entitlement to a credit need not be raised in the claim proceeding in order for the employer to take the credit. This Court reversed. There was no evidence in the record regarding the amount of disability paid to Mr. Toy, and only in the penalty petition was the correct amount established. Because the employer had overstated its credit by $1,275.28, it deprived the claimant of these funds for approximately four years. This Court concluded that

> an employer must present to the [WCJ] any credit that it may have during the initial claim petition proceeding. We believe that requiring employers to raise these issues at the earliest possible stage will prevent greater injustices than it may create.

*Toy*, 651 A.2d at 703.

Employer contends that *Toy* is inapposite here because Claimant testified that he received $422 a week in unemployment compensation benefits, which is all the evidence needed to apply the credit.[6] Further, Employer asserts that the proposed findings of fact and conclusions of law it filed with the WCJ covered the offset issue should the WCJ decide to grant benefits.

■ The principle established in *Toy* is clear. A claimant must have the opportunity to contest the amount of a credit claimed by his employer and to have a hearing where there is a disagreement on the amount. In *Toy*, the employer took a credit against the claimant's award for disability benefits unilaterally but in the wrong amount. The Department's regulation, at 34 Pa.Code § 123.4, allows the employer to take the credit unilaterally

---

5. Regulations promulgated in 1998 implement the provisions in Section 204(a) of the Act. *See* 34 Pa.Code §§ 123.1–123.11. They require, *inter alia*, an employee to "report to the insurer amounts received in unemployment compensation, Social Security (old age), severance and pension benefits on form LIBC–756, 'Employee's Report of Benefits.' " 34 Pa.Code § 123.3(a).

6. Employer did not raise a credit for unemployment compensation in its answer, but it did assert entitlement for credit for group accident and sickness disability benefits paid to Claimant in its answer.

but requires that notice be given to the claimant so he can challenge the amount and basis for the credit.

Here, unlike *Toy*, the record in the claim proceeding contained evidence about the amount of unemployment compensation paid to Claimant. This was established by Claimant's testimony, and Employer did not challenge Claimant's testimony in any way. Indeed, the WCJ found as fact that Claimant received $422 per week in unemployment compensation. Claimant does not challenge the WCJ's factual finding in this regard. Rather, Claimant gives a very literal reading to this Court's statement that "the employer must present to the [WCJ] any credit it may have during the initial claim petition proceeding." *Toy*, 651 A.2d at 703. We disagree with Claimant's literal reading of *Toy*.

■ First, a WCJ can rely on evidence in the record regardless of which party presented the evidence or which party is benefitted by the evidence. *SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls)*, 728 A.2d 385, 388 n. 3 (Pa.Cmwlth.1999).

■ Second, the WCJ was required to reduce Claimant's award by the amount of his unemployment compensation benefits regardless of whether Employer had requested the offset because the mandate of Section 204(a) cannot be waived by an employer. In his first decision, the WCJ awarded "appropriate compensation benefits," which he may have intended to mean net of unemployment compensation benefits. Any doubt on this point was resolved in his second decision. The Board did not err in affirming the WCJ's award of compensation to Claimant in an amount net of his unemployment compensation.[7]

■ Claimant next contends that the Board erred in declining to impose attorney's fees upon Employer for an unreasonable contest. Claimant contends that at the time Employer elected to contest the claim petition, it had no basis for questioning the legitimacy of the work injury. Further, Employer's answer to the claim petition presented a litany of general defenses and denials that were inapplicable, such as the assertion that Claimant had not provided prompt notice of the injury.[8] Claimant asserts that Employer did not do a proper investigation of his injury, causing him to incur attorney expenses.

■■ Section 440(a) of the Act, provides that a claimant who is successful in whole or in part is entitled to an award of attorney's fees, unless the employer's contest is reasonably based. 77 P.S. § 996(a).[9] Whether an employer's contest is reasonable is a question of law, and the employer has the burden of establishing

7. There is no merit to Claimant's contention that Employer had to prove what portion of Claimant's unemployment compensation was funded by Employer, as opposed to employees through their payroll taxes or the federal government. Employer is confusing an employer's pension credit with the unemployment compensation credit. *See* Section 204(a) of the Act, 77 P.S. § 71(a) (stating that, "the benefits *from a pension plan to the extent funded by the employer* directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award.") (emphasis added).

8. The other defenses included no employer/employee relationship, no work injury, and statute of limitations. However, Employer did not pursue the general denials and defenses. They were apparently asserted as a precaution.

9. It states, in relevant part, as follows:

In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose

facts sufficient to prove a reasonable contest. *Essroc Materials v. Workers' Compensation Appeal Board (Braho)*, 741 A.2d 820, 826 (Pa.Cmwlth.1999). A genuine dispute can be found where the medical evidence is conflicting or susceptible to contrary inferences. *LaChina v. Workmen's Compensation Appeal Board (Dana Corp.)*, 664 A.2d 204, 206 (Pa.Cmwlth. 1995).

Here, there was a direct conflict in the evidence with respect to the nature and extent of Claimant's cervical injury. Employer submitted reports from Dr. Battin and Dr. Zawawi that diagnosed Claimant with a cervical and thoracic sprain and opined that Claimant was fully recovered from those injuries. Although Employer's expert found "disc osteophyte complexes at C6–7," he also concluded they were not work-related. R.R. 111–112a. Dr. Beutler disagreed, concluding that Claimant presented with "significant spondylosis with ruptured intervertebral disc at C6–7, [which] appear to be work related." R.R. 59a. Because the medical evidence was conflicting, Employer's contest was, as a matter of law, reasonable.

For the above-stated reasons, we affirm the Board's adjudication.

### ORDER

AND NOW, this 14th day of October, 2008, the order of the Workers' Compensation Appeal Board, dated April 7, 2008, in the above-captioned matter is hereby AFFIRMED.

favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorneys fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. 996(a).