IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Giles J. Cannon, Inc.,                          :
                        Petitioner               :
                                                 :
            v.                                    :       No. 1108 C.D. 2021
                                                 :       Submitted:  June 23, 2022
Gordon Walker (Workers' Compensation            :
Appeal Board),                                   :
                        Respondent               :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                         FILED:  July 18, 2022


        Giles J. Cannon, Inc. (Employer) petitions for review of the September 15,
2021 order of the Workers' Compensation Appeal Board (Board), which affirmed
in part and reversed in part the final decision of the workers' compensation judge
(WCJ) and concluded Employer was not entitled to a credit for the Federal Pandemic
Unemployment Compensation (FPUC) benefits Gordon Walker (Claimant) received
in accordance with the Coronavirus Aid, Relief, and Economic Security (CARES)

Act.[1]  Employer argues it should have received a credit pursuant to Section 204(a) of the Workers' Compensation Act (Act).[2]  After careful review, we affirm.

## I. Background and Procedural History

The facts of this matter are undisputed.  Claimant was injured on September 13, 2019, when he "tripped on mesh at work" and sustained a low back contusion.  Reproduced Record (R.R.) at 24a.  On September 27, 2019, Employer issued a notice of temporary compensation payable, followed by an amended notice of temporary compensation payable on October 30, 2019.  *Id.* at 24a, 92a-96a.  Employer issued a notice stopping temporary compensation on December 6, 2019, along with a notice of workers' compensation denial.  *Id.* at 24a, 98a-102a.

Claimant filed a claim petition on January 3, 2020, and Employer responded with an answer on January 13, 2020.  The parties later executed a stipulation of facts, resolving most disputes in the case.  Under the stipulation, Employer acknowledged Claimant's injury and agreed to reinstate his benefits as of December 9, 2019.  *Id.* at 24a.  The parties also agreed Employer had a reasonable basis to contest the matter.  *Id.* at 25a.  The parties remained at an impasse, however, as to what credits Employer should receive against its workers' compensation obligation.  Claimant had received unemployment compensation (UC) benefits pursuant to Pennsylvania law and FPUC benefits pursuant to the CARES Act.  *Id.*  Although the parties agreed that Employer should receive a credit for the UC benefits, Claimant disputed Employer's assertion

---

[1] *See* 15 U.S.C. § 9023(b)(1).  We note that the Board and the WCJ incorrectly identified the source of Claimant's FPUC benefits as the Families First Coronavirus Response Act (FFCRA), Pub. L. No. 116-127, 134 Stat. 178 (2020).  Claimant's FPUC benefits derived from the CARES Act at 15 U.S.C. § 9023(b)(3)(A)(i), which provides, "[t]he amount specified in this paragraph is . . . [f]or weeks of unemployment beginning after the date on which an agreement is entered into under this section and ending on or before July 31, 2020, $600."

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71(a).

that Employer should receive a credit for Claimant's FPUC benefits. *Id.* In addition, Claimant disputed Employer's assertion that it should receive a credit for Claimant's $1,200 federal stimulus payment, also resulting from the CARES Act.[3] *Id.* at 25a-26a.

Thus, on August 26, 2020, the WCJ issued an interlocutory order adopting the stipulation as her findings of fact and conclusions of law. The order granted the claim petition according to the terms of the stipulation, and directed that Employer make payments under those terms. The order further found that Employer's contest of the petition had been reasonable and directed that Claimant's counsel fees would be a charge against his indemnity benefits. Finally, the order directed that the parties brief the remaining dispute regarding Claimant's FPUC benefits and $1,200 stimulus payment for decision by the WCJ.

The WCJ issued a final decision on December 21, 2020. The WCJ concluded that Employer was entitled to a credit for Claimant's FPUC benefits but not for his $1,200 stimulus payment. Claimant appealed to the Board. On September 15, 2021, the Board issued its opinion and order, which affirmed in part and reversed in part the WCJ's final decision. The Board reversed the determination that Employer was entitled to a credit for Claimant's FPUC benefits but affirmed in all other respects.[4] Employer filed a petition for review in this Court, and now argues the Board erred by concluding that it is not entitled to a credit for Claimant's FPUC benefits.

## II. Discussion

Employer's sole claim on appeal is a statutory interpretation question relating to Section 204(a) of the Act. As a result, our standard of review is *de novo*, and our

---

[3] *See* 26 U.S.C. § 6428(a)(1).

[4] One Commissioner dissented from the Board's order.

scope of review is plenary. *Lorino v. Workers' Comp. Appeal Bd. (Commonwealth of Pa.)*, 266 A.3d 487, 491 (Pa. 2021) (citing *Commonwealth v. Lynn*, 114 A.3d 796, 817-18 (Pa. 2015)). Section 204(a) provides, in relevant part, that "if the employe[e] receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount" of any workers' compensation award made under Section 306 of the Act, excluding Section 306(c). 77 P.S. § 71(a). Generally, Section 306 pertains to total and partial disability, while Section 306(c) pertains to disability resulting from permanent injuries of certain classes, such as the loss of a limb. 77 P.S. §§ 511-513. There is no dispute in this matter that Claimant receives benefits under Section 306, and that the Section 306(c) exclusion does not apply. Employer is entitled to a credit, therefore, if Claimant's FPUC benefits qualify as "unemployment compensation" pursuant to Section 204(a).

In its brief, Employer contends it is entitled to a credit for Claimant's FPUC benefits pursuant to the plain language of Section 204(a). Employer's Br. at 9, 13-15, 19-21. Employer quotes from the CARES Act, maintaining that it characterizes FPUC benefits as "unemployment compensation."[5] *Id.* at 15-16 (quoting 15 U.S.C. § 9023(b)(1), (h)). Employer explains the Board based its decision to deny a credit on *Dietrich Industries, Inc. v. Workers' Compensation Appeal Board (Shank)*, 725 A.2d 252 (Pa. Cmwlth. 1999), but Employer proposes that case is distinguishable from this matter because it involved trade readjustment allowance (TRA) benefits

---

[5] Employer also directs our attention to a guidance letter from the Assistant Secretary of Labor for the Employment and Training Administration, which describes FPUC benefits as a "temporary emergency increase in unemployment compensation benefits . . . ." R.R. at 17-18 (quoting U.S. DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE PROGRAM LETTER NO. 15-20 (April 4, 2020), https://wdr.doleta.gov/directives/attach/UIPL/UIPL_15-20.pdf (last visited July 15, 2022)) (emphasis omitted).

rather than FPUC benefits.[6]  Employer's Br. at 9, 13-15, 19-21.  Employer also relies on *Costa v. Workers' Compensation Appeal Board (Carlisle Corp.)*, 958 A.2d 596 (Pa. Cmwlth. 2008), which, Employer asserts, stands for the proposition that the source of funding for UC benefits is irrelevant to determining if an employer should receive a credit under Section 204(a).  Employer's Br. at 13-14.

Our Court rejected a substantively identical claim earlier this year in *Carbon Lehigh Intermediate Unit #21 v. Waardal (Workers' Compensation Appeal Board)*, 271 A.3d 34 (Pa. Cmwlth. 2022), *reargument denied* (Feb. 10, 2022).  In that case, a WCJ denied an employer's request for a credit against its workers' compensation obligation based on the claimant's receipt of FPUC benefits.  *Id.* at 37.  The Board agreed with the WCJ, and this Court affirmed the Board.  *Id.* at 37-40.  In reaching our decision, we addressed both *Dietrich Industries* and *Costa*.

By way of background, *Dietrich Industries* involved an employer that sought a credit against its workers' compensation obligation based on the claimant's TRA benefits.  725 A.2d at 253.  This Court explained that TRA benefits are a supplement to UC benefits.  *Id.*  Although individual states administer TRA benefits, the federal government provides funding for the benefits and pays the cost of the TRA program. *Id.* (citing *Sturni v. Unemployment Comp. Bd. of Rev.*, 625 A.2d 727 (Pa. Cmwlth. 1993)).  Importantly, this Court rejected the argument that the source of benefits the claimant received was irrelevant to the employer's request for a credit, explaining that Section 204(a) "provides an employer a statutory right to a credit for any portion of this obligation that the employer previously fulfilled. . . . thereby excluding from

---

[6] As we explained in *Dietrich Industries*, TRA benefits are a product of the Trade Act of 1974.  *See* 19 U.S.C. § 2291.  That statute "established a program of worker adjustment assistance to assist workers displaced by increases in imports. . . . To compensate workers for 'injury' caused by import competition, the Trade Act provides for a host of benefits, including TRA . . . ."  *Dietrich Industries*, 725 A.2d at 253 (footnote omitted).

5

credit those payments made pursuant to an alternate obligation." *Id.* at 254. We reasoned that the language of Section 204(a) was clear, observing that the General Assembly had amended Section 204 repeatedly without adding the sort of credit the employer was seeking. *Id.* Because the Act reflected that the General Assembly's intent was to "preclude employees from receiving concurrent benefits," and because TRA benefits were "distinct from the type of benefits contemplated in the Act," we concluded the employer was not entitled to a credit. *Id.*

*Costa* involved a claimant who argued, in relevant part, that the Board erred by giving the employer a credit based on his UC benefits because the employer failed to raise that issue before the WCJ and did not present evidence that it funded the UC benefits. 958 A.2d at 599. This Court rejected those arguments, explaining that the claimant himself testified regarding the amount of UC benefits he received, and that Section 204(a) obliged the WCJ to credit the employer even if the employer did not request it. *Id.* at 601. We addressed the assertion that the employer did not present evidence that it funded the claimant's UC benefits briefly in a footnote. This Court concluded that there was "no merit to [the c]laimant's contention that [the e]mployer had to prove what portion of [the c]laimant's [UC] was funded by [the e]mployer, as opposed to employees through their payroll taxes or the federal government." *Id.* at 601 n.7. We observed this contention appeared to result from confusion regarding the portion of Section 204(a) directing that an employer receive a credit for "the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe[e] . . . ." *Id.* (quoting 77 P.S. § 71(a)) (emphasis omitted).

Ultimately, in *Carbon Lehigh*, this Court found *Dietrich Industries* controlling and rejected the employer's reliance on *Costa*, concluding that the employer was not

entitled to a credit for the claimant's FPUC benefits. We reasoned that the CARES Act referenced FPUC benefits separately from UC benefits, permitted persons not otherwise eligible for UC benefits to receive FPUC benefits, and provided for federal reimbursement of amounts that a state pays for FPUC benefits. *Carbon Lehigh,* 271 A.3d at 39. This Court concluded that these unique features rendered FPUC benefits "sufficiently 'distinct from the type of benefits contemplated' under Section 204(a) of the Act." *Id.* (quoting *Dietrich Industries*, 725 A.2d at 254). We added that the General Assembly last amended Section 204(a) in 1996. *Id.* Therefore, the General Assembly had more than two decades after we decided *Dietrich Industries* in 1999 to include federally funded benefits in Section 204(a) but had not done so. *Id.* This Court also rejected the employer's reliance on *Costa*, which we explained was based largely on the footnote described above. *Id.* We reasoned that the footnote, "[w]hile instructive . . . merely recognizes that an employer may only seek a pension credit to the extent it funded the pension. It does not stand for the proposition that [the e]mployer has an unfettered right to a credit for [the c]laimant's receipt of [FPUC]." *Id.*

This Court ended our review in *Carbon Lehigh* by emphasizing the legislative intent underlying Section 204(a). The purpose of Section 204(a), we observed, is to excuse employers from paying duplicate benefits for a single loss of earnings. *Id.* at 39-40 (quoting *Allegheny Ludlum Corp. v. Workers' Comp. Appeal Bd. (Bascovsky)*, 977 A.2d 61, 67 (Pa. Cmwlth. 2009)). This Court explained that disallowing a credit for FPUC benefits would not be contrary to that intent, since the federal government paid for FPUC benefits. *Id.* at 40. Further, granting a credit would result in disparate treatment between "those who are permitted to collect [FPUC] by virtue of having lost their jobs, and those who may not because they are burdened with an injury in

7

addition to unemployment." *Id.* Thus, we held that the employer was not entitled to a credit for the claimant's FPUC benefits. *Id.* at 35-40.

Returning to the matter now before the Court, Employer's claim is no different than the claim we rejected in *Carbon Lehigh.* Employer argues that it should receive a credit for Claimant's FPUC benefits based on the plain language of Section 204(a), attempts to distinguish *Dietrich Industries*, and relies on *Costa.* Although Employer filed its principal brief before we decided *Carbon Lehigh*, we note that it did not file a reply brief after Claimant raised *Carbon Lehigh* in his brief and has not otherwise sought to address that decision in this Court. Because we see no basis upon which to distinguish this matter from *Carbon Lehigh*, we conclude Employer is not entitled to a credit for Claimant's FPUC benefits.

### III. Conclusion

For the foregoing reasons, we affirm the Board's September 15, 2021 order, which reversed the WCJ's final decision insofar as it concluded that Employer was entitled to a credit for Claimant's FPUC benefits but affirmed in all other respects.

_____
STACY WALLACE, Judge

Judge Fizzano Cannon did not participate in the decision of this case.
Judge Dumas did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Giles J. Cannon, Inc.,                  :
             Petitioner            :
                                       :
      v.                       :    No. 1108 C.D. 2021
                                       :
Gordon Walker (Workers' Compensation  :
Appeal Board),                    :
            Respondent      :

**O R D E R**

**AND NOW**, this 18th day of July, 2022, the September 15, 2021 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
STACY WALLACE, Judge