IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Iyona Lee,                                        :
                              Petitioner          :
                                                  :
            v.                                    :        No.  1051 C.D. 2020
                                                  :        Submitted:  August 6, 2021
Fresh Grocer Holdings, LLC                        :
(Workers' Compensation                            :
Appeal Board),                                    :
                              Respondent          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER , Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION BY
JUDGE CROMPTON                      FILED:  December 22, 2021


            Iyona Lee (Claimant) petitions this Court for review of the September
28, 2020 Order (Order) of the Workers' Compensation Appeal Board (Board)
affirming the Decision and Order of the workers' compensation judge (WCJ),
circulated on August 2, 2019, that dismissed Claimant's Petition for Penalties
(Penalty Petition) against Fresh Grocer Holdings, LLC (Employer).

## I.      Background and Procedural History

            On June 18, 2017, Claimant fell in a puddle of hot water while working
at one of Employer's locations.  WCJ Dec. and Order, 8/2/19, Finding of Fact (F.F.)
No. 2.  On July 3, 2017, Employer issued a Notice of Temporary Compensation

Payable (NTCP) in regard to same.[1]  F.F. No. 3.  On September 8, 2017, Employer issued a Notice Stopping Temporary Compensation Payable along with a Notice of Workers' Compensation Denial contending that Claimant was released to modified-duty work on August 15, 2017, but that she did not return.  *Id.*

On September 10, 2018, Claimant filed the instant Penalty Petition, alleging Employer

> failed to properly and promptly pay [Claimant's] physicians and hospitals over $410,000 for the acute care she received at Penn Presbyterian Medical Center's Level I trauma center and at Crozer-Chester Medical Center's Level II trauma and burn center to treat the second[-]degree burns [Claimant] sustained to more than 28% of her body surface area.

9/10/18 Penalty Petition; Reproduced Record (R.R.) at 11a.  On September 12, 2018, Employer filed an Answer denying the allegations raised in the Penalty Petition.  The WCJ held two hearings and accepted evidence from the parties.  On August 2, 2019, the WCJ circulated his Decision and Order, which contained Findings of Fact and Conclusions of Law.

## II.    The WCJ's Decision and Order

In the Findings of Fact section of his Decision and Order, the WCJ stated:

> 4.  In regard to payment of medical bills incurred when [Employer] was on the risk during the period of the NTCP, [Claimant's] medical providers took the following actions:

---

[1] The NTCP described the incident as follows:  "Water leaked out of steamer, [Claimant] jumped back, slipped and fell in the water on the ground."  NTCP, 7/3/17, Agency Record (A.R.) at Item No. 15.

2

a) unsatisfied with the payments issued by [Employer], . . . the medical providers of [Claimant] submitted [] Application[s] for Fee Review to the Bureau of Workers' Compensation [Medical Fee Review Unit], which rendered an administrative decision as follows:

i) for treatment provided from June 18, 2017[,] through July 7, 2017, the provider was due $583,479.00;
ii) for treatment provided on June 18, 2017, the provider was due $1,570.00;
iii) for treatment provided between July 14, 2017[,] and July 21, 2017, the provider was due $1,056.49;

b) [Employer's] insurer contested the adverse determination and requested a *de novo* hearing before a medical fee review hearing officer [(MFRHO)] . . . ;

c) the matter was assigned to [MFRHO] Barry Keller, who by decision circulated July 27, 2018, specifically found the fee review applications filed by the Professional Receivables Network, LLC ("PRN") involved an entity that is not a medical provider under Section 127.23 of the Medical Cost Containment Regulations.[2]

5. [The MFRHO,] in Finding of Fact 12 of his decision[,] deemed in part as follows:

d. I further find as fact that, in order for the undersigned to render any determination regarding the timeliness of payment or the amount of payment due in the instant matter, the undersigned would first need to reach a conclusion as to whether PRN was the "provider" and permitted to file Applications for Fee Review. This would exceed the jurisdiction of the undersigned as a[n] [MFRHO], whose jurisdiction is limited to the timeliness of payment and to the amount of payment.

e. Because the scope of the fee review arena is limited to the timeliness of payment and to the amount of payment, I find as fact that the issue of whether PRN has standing to file Applications for Fee

---

[2] For purposes of clarification, we note that the MFRHO determined that Employer's Insurer had raised the issue of whether PRN had standing to file an Application for Fee Review because it is not a medical provider. The MFRHO specifically found as fact that "Insurer's argument is credible and persuasive based upon the evidence and case law." MFRHO Dec., circulated 7/27/18, at 6; Reproduced Record (R.R.) at 34a.

Review in the instant matter must be decided by a [WCJ], and that the fee review arena lacks the jurisdiction to decide the issue.

. . . .

7. No appeal of [MFRHO] Keller's decision was filed by the providers.

F.F. Nos. 4, 5, and 7 (quoting, in part, MFRHO Keller's 7/27/2018 Decision; R.R. at 34a).

The WCJ determined that he lacked jurisdiction to decide issues of billing amounts and that such matters were the sole responsibility of the MFRHO. The WCJ added that "this WCJ cannot calculate medical bills due and owing. Therefore, [he] has no basis upon which to impose a penalty." WCJ Dec. and Order, 8/2/19, "Discussion," at 6; R.R. at 26a. The WCJ stated:

> As *Armour Pharmacy*[3] vested [MFRHOs] with jurisdiction to determine who is the provider and the amount due [to] them, judicial efficiency mandates both issues be decided in one setting. It is burdensome to the parties and the judicial system to undertake litigation in two forums when only one of them has the authority to hear all relief requested. *Washington v. FedEx Ground Package Sys., Inc.*, 995 A.2d 1271 [Pa. Super. 2010].[4]

WCJ Dec. and Order, 8/2/19 at 6; R.R. at 26a.

The WCJ concluded:

---

[3] *Armour Pharmacy v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Wegman's Food Mkts., Inc.)*, 206 A.3d 660 (Pa. Cmwlth. 2019).

[4] In *Washington*, a case involving related matters brought in two separate courts of common pleas in the Commonwealth, the Superior Court stated: "We review an order coordinating actions under [Pa. R.Civ.P. 213.1] [(regarding Coordination of Actions in Different Counties)] for abuse of discretion by the trial court. Where the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists." *Washington*, 995 A.2d at 1277 (internal citation omitted).

4

> As the [MFRHO] now has jurisdiction to decide issues of who is a "provider" within the scope of a fee review proceeding and the amount of payment due and owing, [Claimant's] issues before [this WCJ] are best adjudicated before a[n] [MFRHO].

WCJ Dec. and Order, 8/2/19, Conclusion of Law (C.L.) No. 2, at 7; R.R. at 27a.

Thus, the WCJ dismissed the Penalty Petition and directed Claimant and her healthcare providers to seek relief before an MFRHO. Claimant subsequently appealed to the Board.

### III. The Board's Opinion and Order

In its September 28, 2020 Opinion and Order, the Board stated:

> The WCJ's determination, in our view, is logical and supported by the relevant precedent including *Armour Pharmacy*, which vested [MFRHOs] with jurisdiction to decide provider standing. Claimant requests a remand stating that although the WCJ and [MFRHO] have concurrent jurisdiction over "identity of provider" disputes, it is not clear what mechanism exists to have the [MFRHO] decide the amount after the WCJ has ruled. Claimant's argument fails to recognize that the WCJ answered that question. He cited the rationale that it is burdensome to the parties and judicial system to undertake litigation in two forums when only one has the authority to hear all of the relief requested, and he determined that the issue of who is a provider within the scope of fee review, and the amount of payment due and owing are best adjudicated by a[n] [MFRHO]. Given the aforementioned, we cannot agree that the WCJ's reasoning was flawed or that the WCJ abused his discretion or committed reversible error.

Bd. Op. and Order 9/28/20 at 5-6; R.R. at 7a-8a. Thus, the Board affirmed the WCJ's Decision and Order. Claimant now petitions this Court for review.[5]

---

[5] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830 (Pa. 2013). "Absent an abuse of discretion by the WCJ, this court will not overturn a WCJ's assessment of penalties. An abuse of discretion is not merely an error of judgment but occurs when the law is **(Footnote continued on next page…)**

## IV.  Arguments

## A. Claimant's Arguments

Claimant contends that, at the Fee Review Hearing, rather than defending why it had not fully reimbursed Claimant's medical providers, Employer argued that the Applications for Fee Review had been filed by PRN instead of directly by Claimant's medical providers and that since PRN is not a medical provider, it lacked standing to file the applications.  Claimant asserts that after the MFRHO determined that the issue of whether PRN is a medical provider must be decided by a WCJ, and Claimant filed her Penalty Petition, Employer "reversed course and argued that, because there was a dispute as to the amount that should be paid to [Claimant's] doctors and hospitals, the [MFRHO] should have decided the 'identity of the provider' in the fee review proceeding."  Claimant's Br. at 8. Claimant asserts that it was error for the WCJ to dismiss her Penalty Petition because she had no other alternative than to pursue the present course of action and that the WCJ's determination effectively deprives her of any remedy.

Claimant argues that the WCJ had jurisdiction to determine whether PRN is a provider where the MFRHO determined that he, himself, did not have jurisdiction to do so.  Citing *Armour Pharmacy*, Claimant asserts that this Court has held that, "where an insurer disputes whether the entity that filed an application for fee review was, in fact, the 'provider,' that issue can be resolved by either a WCJ or the [MFRHO]."  Claimant's Br. at 11.  Claimant maintains that Employer, here, conceded that standing was the only issue before the WCJ and that Employer "seems to contemplate a two[-]step process in which the WCJ decides the 'identity of the

---

misapplied in reaching a conclusion." *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 161 (Pa. Cmwlth. 2007) (internal citation omitted).

6

provider' issue and the [MFRHO] thereafter calculates the amount due." Claimant's Br. at 13. However, Claimant contends that "[t]his does not comport with *Armour Pharmacy*'s holding that both the WCJ and the MFRHO have concurrent jurisdiction over 'identity of provider' disputes. Further, it is not clear what procedural mechanism exists to have the MFRHO decide the amount [payable] after the WCJ's 'identity of the provider adjudication.'" *Id*. Claimant adds that, since the penalty is a percentage of the bills, "the WCJ must calculate the amount of the bills before he or she can determine the amount of the penalty. Therefore, both the amount of the medical bill and the amount of the penalty should be decided by the WCJ." Claimant's Br. at 13-14.

Claimant adds that "[r]ejecting both the Medical Fee Review Application[s] and [her] Penalty Petition violates [her] due process rights afforded by article I, section 1 of the Constitution of the Commonwealth of Pennsylvania[6] and the Fourteenth Amendment to the Constitution of the United States[7] by denying her any forum in which to compel payment of her work-related medical bills." Claimant's Br. at 14.

Claimant asks this Court to remand the matter to the Board to remand to the WCJ for a determination "as to (1) whether the Applications for Fee Review [were] filed by 'providers;' (2) if so, the amount that Employer should pay [Claimant's] providers for her medical care; and (3) a determination as to the amount of the penalties that should be imposed on Employer. In the alternative, [Claimant] seeks an order remanding this matter to [a] Fee Review [h]earing for adjudication of the underlying Fee Review Applications." Claimant's Br. at 16.

---

[6] Pa. Const. art. I, §1.

[7] U.S. Const. amend. XIV.

## B. Employer's Arguments

Employer argues that the billing entity failed to preserve its appeal from the order of the MFRHO and is now attempting to address this failure via Claimant's Penalty Petition and the present appeal. However,

> the ultimate relief sought, additional payment on the underlying bills, cannot be obtained via this avenue because the billing entity failed to appeal the [MFRHO's] Order regarding the bills. Thus, remanding this matter to either a WCJ or [the Board] to determine standing for the fee review has the same outcome because neither the WCJ nor [the Board] are permitted to decide the amount owed. For this reason, a remand is a waste of judicial resources. Furthermore, to remand the matter [] to fee review, a venue which this appeal did not come from, would violate public policy as well as Pennsylvania Rule of Appellate Procedure [] 2573. 210 Pa. Code §2573.[8]

Employer's Br. at 5-6.

Employer asserts that the MFRHO has jurisdiction to determine the identity of the provider(s), per our *Armour Pharmacy* decision, and has sole jurisdiction to decide the proper amount of payment. Thus, Employer contends that since the matter of the amount of payment is within the sole jurisdiction of Fee

---

[8] Pa. R.A.P. 2573, states, in pertinent part:

**Direct Remand to Court of First Instance.**

Unless otherwise ordered by the appellate court in which the matter is finally determined, whenever the final order in the matter does not contain any direction for further proceedings in an intermediate court in which the matter was previously pending, the prothonotary of the appellate court shall remand the record directly to:
   (1) The lower court specified in the final order of the appellate court, if a direction for further proceedings in such lower court is contained in such final order.
   (2) The court of first instance whose order or other determination was affirmed or otherwise permitted to remain unaffected by such final order . . . .

8

Review, and now, due to *Armour Pharmacy*, the MFRHO also has jurisdiction over the identity of the provider issues, only the MFRHO has the authority to render decisions on all the matters at issue in the present matter. By contrast, the WCJ still does not have authority to determine the matter of amounts due. Employer notes that Claimant's reliance on this Court's opinion in *Armour Pharmacy* is misplaced because *Armour Pharmacy* gave dual jurisdiction to the WCJ and MFRHO to decide standing issues, but "exclusive jurisdiction remains with the [MFRHO] to decide issues regarding the amount due for bills in dispute." Employer's Br. at 16.

Employer adds that Claimant has not been deprived of any constitutionally protected rights as "the billing entity/provider deprived itself by failing to properly preserve its remedy with an appeal [from the MFRHO's determination]." Employer's Br. at 15. Employer asserts that, in the present matter, Claimant is attempting to settle her fee dispute in the context of her Penalty Petition. In addition, Employer notes "Claimant is unharmed by the outcome here as she received the medical treatment without issue and is not required to pay for the medical treatment personally . . . . This fee dispute is between the provider and [] [E]mployer, and the Penalty Petition here is the billing entity/provider's attempt [to] circumvent the fee review process and un-do its failure to file an appeal from the MFR[H]O's Decision." Employer's Br. at 18. Thus, Employer asks this Court to affirm the Board's Order affirming the WCJ's dismissal of the Penalty Petition.

## V. Discussion

We note at the outset that Section 306(f.1)(1)(i) of the Workers' Compensation Act (Act),[9] 77 P.S. §531(1)(i), states, in pertinent part:

---

[9] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

The employer shall provide payment in accordance with this section for reasonable surgical and medical services, services rendered by physicians or other health care providers, including an additional opinion when invasive surgery may be necessary, medicines and supplies, as and when needed.

. . . .

Section 306(f.1)(5) of the Act, 77 P.S. §531(5), adds, in pertinent part:

A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department[10] [(Department)] no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment.

Section 109 of the Act, 77 P.S. §29, defines a "provider" as "a healthcare provider," and "[h]ealth care provider" under Section 109 means:

any person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

After a provider submits the application for fee review addressed in Section 306(f.1)(5) of the Act, 77 P.S. §531(5), the Department issues a determination, which may be challenged via a request for hearing. In such a circumstance, the Department assigns the matter to an MFRHO who conducts a hearing and issues a written decision and order within 90 days of the close of the record. The decision of the MFRHO may subsequently be appealed to this Court

---

[10] This is a reference to the Pennsylvania Department of Labor & Industry.

10

within 30 days.[11]  Here, that did not happen.  Instead, after the MFRHO dismissed the Fee Review Applications in his July 27, 2018 Decision, no appeal was taken to this Court, and the instant Penalty Petition was subsequently filed by Claimant on September 10, 2018.  In his July 2018 Decision, the MFRHO stated he was dismissing the Fee Review Applications because the determination of whether PRN was a provider under the Act was a matter for determination by a WCJ.  At the time of his Decision, that was true.  However, our decision in *Armour Pharmacy* was filed in 2019, during the litigation of the instant Penalty Petition, and provided that MFRHOs are, in fact, authorized to determine whether an individual or entity is a provider under the Act.

After *Armour Pharmacy*, only the fee review arena was left with the authority to decide billing amounts, timeliness, *and* the matter of who qualifies as a provider under the Act.  Thus, without a determination as to the accuracy and timeliness of the bills at issue in the Penalty Petition, the WCJ, here, had no basis upon which to authorize a penalty.  The only determination he could have made was whether PRN is a provider under the Act.  In *Armour Pharmacy*, we said "it is for the [MFRHO] to conduct a hearing on whether a person invoking the remedy set forth in Section 306(f.1)(5) is a "provider" within the meaning of the Act." *Armour Pharmacy,* 206 A.3d at 671.  We also stated that "[o]ur holding does not limit the determination of the status of a "provider" to a fee review proceeding.  In appropriate cases, this question may also be determined by a [WCJ] in the course of a claim or penalty petition proceeding." *Id*. at 672.  "Where the employer's liability for medical

---

[11] 34 Pa. Code §127.261 reads:  "Any party aggrieved by a fee review adjudication rendered pursuant to [Section] 127.260 (relating to fee review adjudications) may file an appeal to Commonwealth Court within 30 days from mailing of the decision."

11

treatment is established without a determination on the status of a putative provider, then this question can be addressed by the Hearing Office where raised by the employer." *Id.*

While we acknowledge that MFRHOs and WCJs may both make a determination as to whether an individual or entity is a "provider," it is only the Fee Review, not the WCJ, that is able to decide *all* the relevant issues in the instant matter, *i.e.*, the determination of whether PRN is a provider *and* the amount of payment due and owing. Thus, as the WCJ appropriately determined, and the Board affirmed, "the issues before [the WCJ] are best adjudicated before a[n] [MFRHO]." C.L. No. 2.

In addition, and in accordance with the above, we see no merit in Claimant's contention that her constitutional rights have been violated. She has not been denied access to justice. The WCJ merely determined that in light of the *Armour Pharmacy* decision, judicial efficiency is best achieved by having the issue of who is a provider, along with the amounts due, decided in one forum. We cannot say that the WCJ abused his discretion in so determining.[12] Where the MFRHO determined that jurisdiction had not been established and, thus, dismissed the Applications for Fee Review as premature, we see no error in the WCJ's Order directing "[Claimant] and/or her healthcare providers . . . to seek relief before a[n] [MFRHO]." *See* MFRHO Keller's July 27, 2018 Decision at 10; WCJ Dec. and Order, 8/2/19, at 8.

---

[12] Further, as to Claimant's suggestion that this Court could remand this matter to the Bureau of Workers' Compensation Medical Fee Review Unit, even if we were inclined to do so, we see no basis upon which this would be possible given that the present appeal came to us on the Penalty Petition, not the MFRHO's July 2018 Decision. Likewise, contrary to Claimant's suggestion, we see no basis upon which we could direct the WCJ to determine the amount that Employer should pay Claimant's providers for her medical care where such matters are within the exclusive domain of the Medical Fee Review Unit, not the WCJ.

12

## VI. Conclusion

For the foregoing reasons, the September 28, 2020 Order of the Board is affirmed.

_____

J. ANDREW CROMPTON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Iyona Lee,                              :
                    Petitioner          :
                                        :
        v.                              :        No.  1051 C.D. 2020
                                        :
Fresh Grocer Holdings, LLC              :
(Workers' Compensation                  :
Appeal Board),                          :
                    Respondent          :


# **O R D E R**


**AND NOW**, this 22nd day of December 2021, the September 28, 2020
Order of the Workers' Compensation Appeal Board is **AFFIRMED**.


_____
J. ANDREW CROMPTON, Judge